95 So.2d 410 (1957)
John R. HOUGH, Jr., Appellant,
v.
David MENSES and Ruth V. Menses, his wife; and Max Jeruss and Ida Jeruss, his wife, Appellees.
Supreme Court of Florida, Division B.
May 22, 1957.
*411 Guion T. DeLoach, Miami, for appellant.
Joseph A. Boyd, Jr., Hialeah, for appellees.
O'CONNELL, Justice.
John R. Hough, Jr., appellant here, as plaintiff in the court below brought an action at law for ejectment and damages for trespass, waste and mesne profits, against the defendants, David Menses and wife, and Max Jeruss and wife, who are appellees here. From an order dismissing the complaint plaintiff appeals.
In his complaint the plaintiff alleged among other things: the description of the lands involved; that plaintiff claimed title to said lands and deraigned his chain of title; that defendants were in possession of said lands, had received the profits therefrom, and that the defendants had refused to deliver to plaintiff possession of the subject lands or pay to plaintiff the profits therefrom. These allegations comply in substance with the requirements of Sec. 70.03, F.S.A.
The plaintiff further alleged the chain of title under which the defendants claim, including a suit to quiet title brought by one of the defendants' predecessors in title, and undertook to explain the invalidity of the defendants' title.
The defendants filed a document entitled "Motion to Dismiss." The grounds of the motion are as follows:
(1) the complaint failed to state a cause of action on which the relief sought could be granted.
(2) the issues raised were res judicata because of the previous suit to quiet title.
(3) the bill of complaint on its face showed the clerk of the court had acted in accordance with law concerning the tax deed and the quiet title suit.
(4) on the face of the pleadings the statute of limitations barred plaintiff from recovery.
(5) the public records revealed the defendants Menses had conveyed all their interest in the property to the defendants Jeruss and thus should not have been named as defendants.
After hearing argument on the motion to dismiss, the court entered an order stating:
"* * * [T]his cause be, and the same is hereby dismissed, with leave *412 to amend within 20 days, but in event the plaintiff elects to amend the amended complaint shall be as a complaint in equity for even if the plaintiff is entitled to relief it is only on the equity side."
Grounds (2) and (4) of the motion to dismiss are affirmative defenses which are not properly raised on motion to dismiss, but should be raised in an answer. See Fla. Rules Civ.Proc. rules 1.8 (d) and 1.11(b), 30 F.S.A. The reason for this is that the plaintiff should not have the burden of anticipating a defense and then overcoming it in his initial pleading. Akin v. City of Miami, Fla. 1953, 65 So.2d 54, 37 A.L.R.2d 691 and Tuggle v. Maddox, Fla. 1952, 60 So.2d 158. Furthermore the burden is on the defendant to prove his affirmative defenses, which cannot be done in proceedings on a motion to dismiss.
Ground (3) apparently relates to matters of proof which the defendants might be required to show in proving their title and are not matters to be urged in a motion to dismiss. Ground (5) is also a matter to be pleaded in an answer.
Therefore it appears that the trial court could have properly dismissed the complaint only because of ground (1) of the motion to dismiss i.e. because the complaint failed to state a cause of action. We cannot agree that the complaint failed to state a cause of action.
As we stated above the complaint alleged the essentials required under the statute Sec. 70.03, F.S.A.
It is true, however, that the plaintiff in addition to alleging the essentials required by the statute set forth at least in part the chain of title on which he alleged that defendants rely for their claim of ownership and he undertook to show why the defendants' title was inferior to his.
But the fact that the plaintiff in his complaint anticipated the defenses and/or claim of title which defendants might plead and undertook to show them defective is not a fatal defect, if the complaint without such matter states a cause of action.
On this point this Court in Moses v. Woodward, 109 Fla. 348, 140 So. 651, on page 653, 141 So. 117, 147 So. 690, adopted the following statement found in 49 C.J. 151:
"`If the pleading itself states a cause of action, the fact that it also attempts to negative or avoid a defense is not a fatal defect, but allegations made for this purpose are immaterial and may be treated as surplusage, unless defendants wish to rely upon them, in which case he will be relieved from specifically setting up his defense and may accept the issue presented by the plaintiff.'" See, also, 71 C.J.S. Pleading § 84.
Having decided that the complaint stated a cause of action and that the inclusion in the complaint of the allegations by which the plaintiff anticipated the defenses and/or claim of title of defendants is not a fatal defect, we must conclude that it was error to dismiss the bill. However, this opinion is not to be considered, in anywise, as an adjudication of the merits of this cause or the sufficiency or deficiency of the claims of title of either of the parties.
We have considered the possibility that although the document filed by the defendants is entitled "Motion to Dismiss" it might have been considered by the trial judge to have been an answer or a motion for judgment on the pleadings. Fla.R. Civ.P. 1.11(c). We have concluded, however, that the motion is neither an answer nor a motion for judgment on the pleadings.
Reversed for further proceedings consistent herewith.
TERRELL, C.J., and HOBSON and DREW, JJ., concur.