97 So.2d 352 (1957)
Morris S. STONE, Appellant,
v.
Evelyn L. STONE, Appellee.
No. 57-127.
District Court of Appeal of Florida. Third District.
October 10, 1957.
*353 Miller & Miller, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellee.
HORTON, Judge.
The appeal here is from a final decree dismissing with prejudice the appellant's bill of complaint for divorce. The chronology of events in the lower court is as follows: the appellant, on August 23, 1956, filed a bill of complaint for divorce charging the appellee with habitual indulgence in a violent and ungovernable temper, and willful, obstinate and continued desertion for a period of one year. The appellee filed a motion to dismiss the complaint on October 2, 1956, which, in addition to the ground that the complaint failed to state a cause of action, included the grounds that the appellant was not a bona fide resident of the State of Florida, had not resided in the state for ninety days prior to bringing the action and that he and the appellee were residents of a state other than the State of Florida. The motion further set forth that the court lacked jurisdiction by reason of certain prior proceedings had between the parties in the Common Pleas Court of Cuyahoga County, Ohio.[*] The motion was brought on for hearing before the court, after due notice, on December 12, 1956, and during the hearing the court permitted the introduction in evidence of certain exemplified copies of the record of proceedings in the Ohio court over the objection of the appellant's counsel. After considering the documents submitted in evidence, the motion to dismiss filed by the appellee, and argument of counsel for the respective parties, the court entered its final decree on December 17, 1956, dismissing the cause upon the authority of Carducci v. Carducci, Fla. 1955, 82 So.2d 360.
The appellee, through her attorneys, upon the conclusion of the argument on the motion to dismiss, orally moved the court for attorneys' fees, court costs and suit money. Later, on December 27, 1956, after the entry of the final decree which failed to provide for the requested costs and fees, the appellee filed written petition for rehearing on that question and the same was denied.
The appellant has assigned numerous errors of the lower court upon which he relies for reversal, but we consider the primary question to be whether or not the lower court was in error in entering a final decree, dismissing the complaint with prejudice, based upon a motion to dismiss, which raised the affirmative defense of res judicata and/or estoppel by judgment. The appellee has filed cross-assignments alleging error on the part of the lower court in failing to award her attorneys' fees and costs. The question posed by the appellant, we conclude, should be answered in the affirmative, and that of the appellee in the negative.
The chancellor below, in granting the appellee's motion to dismiss, applied the doctrine of res judicata and/or estoppel by judgment to the complaint upon the authority of Carducci v. Carducci, supra. In the Carducci case, the appellee wife not only filed a motion to dismiss and an answer, but filed a cross-claim for alimony unconnected with divorce, setting up as an affirmative defense, res judicata and estoppel by judgment, arising out of prior proceedings in a Massachusetts court between the parties. In the case at bar, only a motion to dismiss was filed which set up, among other defenses, an affirmative defense of res judicata and/or estoppel by judgment by reason of certain prior proceedings had between the parties in the *354 State of Ohio. Rule 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A., enumerates the specific grounds upon which a motion to dismiss will lie, none of which include estoppel by judgment and/or res judicata. Rule 1.8(d), Florida Rules of Civil Procedure, provides:
"Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."
Prior to the modern rules of civil procedure, a general demurrer served a similar office to that of a motion to dismiss, in that its primary purpose was to test the legal sufficiency of an opponent's pleading before being required to make a responsive pleading thereto. Like the general demurrer, the motion to dismiss accepts as true those matters well pleaded in the complaint and points out wherein the complaint is legally deficient or has failed to state a cause of action. To supplement a complaint with additional facts, by way of motion to dismiss, in order to render the complaint legally insufficient, is a practice that is not authorized by the rules. The motion to dismiss certainly could not operate in this instance as a substitute for a motion for summary decree because to do so would deny the opposing party the benefit of notice and opportunity to reply provided for by the summary decree rule if not in effect denying him due process. See Rule 1.36, Florida Rules of Civil Procedure.
It is apparent, therefore, that the appellant was not put on notice that he would be called upon at the hearing before the court on the appellee's motion to dismiss, to defend against the introduction of evidence to establish an affirmative defense.
Whether in the final analysis the lower court may have arrived at the correct solution is immaterial to a decision of the question raised, inasmuch as the method by which the court undertook to decide the case on the affirmative issue of res judicata and/or estoppel by judgment, deprived the appellant of the opportunity of presenting such evidence and testimony as he could to rebut the appellee's affirmative defenses.
As we stated at the outset, the primary question was a determination of whether or not error was committed in entering the final decree on the appellee's motion to dismiss, and having concluded that such was error, no useful purpose could be served by a discussion of the other issues raised by the appellant's assignments of error.
The appellee's contention that the lower court was in error in failing to award attorneys' fees after the conclusion of the case on the granting of the appellee's motion to dismiss, is without merit. The award of attorneys' fees is discretionary with the lower court under the provisions of Sec. 65.07 and Sec. 65.08, Fla. Stat., F.S.A. It was the appellee's burden to point out in what respects the lower court abused its discretion, and failing to do so, we must conclude that the court did not abuse its discretion.
In view of the opinions expressed herein, the final decree appealed from is reversed, and the order of the lower court denying the appellee attorneys' fees and costs is affirmed.
Affirmed in part and reversed in part.
CARROLL, CHAS., C.J., and PEARSON, J., concur.
NOTES
[*] For court of appeals opinion see Stone v. Stone, 98 Ohio App. 240, 122 N.E.2d 404.