SHANNON, Judge.
, The Circuit Court of Polk County granted a motion to dismiss the plaintiff’s complaint and the plaintiff, having declined to further plead, judgment was entered for defendants and the plaintiff appealed.'
The action below was to recover from the defendants, individually, formerly the city commissioners, of Fort Meade, Florida, and alleged that they, as city commissioners, failed to require from the prime contractors a surety or performance bond for payment of subcontractors and materialmen. The plaintiff had supplied materials to the prime contractor.
A motion to dismiss was filed against the complaint which alleged among other matters :
“(1) The relief sought by plaintiff in said Complaint is barred by the Statute of Limitations of the State of Florida, Florida Statute [§] 95.11 [F.S.A.], as clearly appears in the allegations in the Complaint and from the statute above cited.”
The court below granted the motion holding that the cause of action against the defendants was a “liability created by statute,” Florida Statutes, § 255.05, F.S.A., and, therefore, governed by the provisions of the Florida Statutes, § 95.11(5) (a), F.S.A., which provides in part as follows:
*888 “(5) Within three years.—
“(a) An action upon a liability created by statute, other than a penalty of forfeiture; ”
The Statute of Limitations is an affirmative defense, Stone v. Stone, Fla.App.1957, 97 So.2d 352, Hough v. Menses, Fla.1957, 95 So.2d 410, and Proctor v. Schomberg, Fla.1953, 63 So.2d 68.
The Statute of Limitations, being an affirmative defense and having to be raised by an answer, we hold that the trial court was in error in sustaining the motion to dismiss and for this reason, solely, the judgment must be reversed.
The cause is remanded for further proceedings consistent herewith.
Reversed
KANNER, C. J., and ALLEN, J., concur.