101 So.2d 594 (1958)
Etta BRAZ, as Executrix for the Estate of Fred Braz, Appellant,
v.
PROFESSIONAL INSURANCE CORPORATION, a Florida corporation, Appellee.
No. 57-366.
District Court of Appeal of Florida. Third District.
March 11, 1958.
*595 Kelner & Lewis, Miami, for appellant.
Miller & Miller, Miami, for appellee.
HORTON, Judge.
The appeal here is from an order dismissing with prejudice the complaint of the appellant. The order is based upon a motion to dismiss filed by the appellee, which contains in substance the following grounds: (1) the action is barred by laches, (2) the action is barred by res judicata, (3) the failure to attach certain alleged material documents, and (4) the complaint fails to state a cause of action. The lower court's order of dismissal did not specify the ground or grounds upon which the order was based. It, thereupon, becomes necessary to ascertain whether or not the lower court's order dismissing the bill of complaint can be sustained upon any of the grounds contained in appellee's motion.
The first and second grounds of the motion to dismiss, i.e., that the action is barred by laches and/or res judicata, can, we feel, be disposed of upon the authority of Hough v. Menses, Fla. 1957, 95 So.2d 410, and Stone v. Stone, Fla.App. 1957, 97 So.2d 352, which, in effect, uphold Florida Rules of Civil Procedure 1.8(d) and 1.11(b), 30 F.S.A., requiring such defenses to be incorporated in an answer rather than in a motion to dismiss.
The third ground of the motion is, we feel, without merit in the light of Rule 1.10(a) Florida Rules of Civil Procedure. The intent and purpose of this rule is to avoid unnecessary recitals of documents not particularly germane to the right of action but to require attachment of those documents upon which the cause of action rests or is dependent. In the instant case it affirmatively appeared that the contract upon which the action was brought was attached to the complaint. The other documents related solely to the representative right of the appellant to bring the action. We, therefore, conclude on this point there has been a substantial compliance with the rule.
Upon the fourth ground of the motion to dismiss, we do not find that the order appealed is wholly without foundation. The complaint appears to seek money damages based upon an alleged default under a written contract, at the same time *596 seeking to invoke the jurisdiction of equity by praying for an accounting. Under these circumstances, we conclude that the lower court should have transferred the cause to the law side rather than dismissing the complaint with prejudice. See Rule 1.39(a) Florida Rules of Civil Procedure.
Accordingly, the order appealed from is reversed with directions to transfer the cause to the law side of the court.
Reversed and remanded with directions.
CARROLL, CHAS., C.J., and PEARSON, J., concur.