STURGIS, -Chief Judge
(concurring).
I am in full agreement with the law as stated and the conclusion reached by the foregoing opinion. I feel, however, that it unduly emphasizes the fact that the chancellor permitted documentary evidence to be filed before him at the hearing on the motion to dismiss and doubtless considered it in arriving at his decision to grant the motion.
As the order of dismissal does not state the reason therefor, and as it is admitted that the parties were before the chancellor solely on the questions of law presented by the motion to dismiss, rather than on a proceeding for summary decree or for judgment on the pleadings, the propriety of the order must be tested exclusively on the questions of law involved.
Here, as in Hough v. Menses, Fla., 95 So.2d 410, the motion to dismiss was not an answer or a motion for judgment on the pleadings. It is true, of course, that the chancellor apparently considered, though erroneously, the extraneous facts and circumstances reflected by the foreign decree and other papers filed at the hearing, and that this error, immaterial in itself, was the motivating cause, the tangent, by which he was led to commit the material error of granting the motion to dismiss. When all is said and done, however, the only reason why I find error under the facts and circumstances in this case is that the motion, at the time it was acted upon, could only have been tested in its *173 relation to the sufficiency of the complaint, standing alone, and that when so tested it should have been denied. All else is irrelevant.
A more detailed and efficient exposition of the phase I have in mind to emphasize will be found by a careful anaylsis of the opinions in Hough v. Menses, supra; Stone v. Stone, Fla.App. Third District, 97 So.2d 352; and in the Author’s Comment to Rule 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A. page 233.