PER CURIAM.
The appellants were plaintiffs below and filed a complaint which, in effect, alleged that on November 26, 1954, deceased, John Banzhaf, had entered into an oral contract of sale with the defendant, W. Foy Parrish, to sell the said Parrish certain described property and that the defendants had agreed to pay $1,250, said sum to be paid on or before November 26, 1955; that possession and title to said land was delivered to the defendants, W. Foy Parrish and Aleta Parrish, who occupied and claimed said land to be their own; that the defendants have caused a house to be erected on said property and otherwise encumbered said property; and that the defendants have failed and refused to perform their part of the contract as set out above.
A motion to dismiss was filed by the defendants upon the following grounds:
“1. There is now pending on the law side of this court an action on the same subject matter and parties herein.
“2. That the said complaint is without equity.
“3. That said complaint fails to state a cause of action cognizable by this Court.”
An order was entered on the 9th of June, 1958, as follows:
“This cause coming on before the Court upon the defendants’ motion to dismiss the complaint, and the Court being advised in the premises, it is, upon consideration thereof,
“Ordered, Adjudged and Decreed that said complaint be, and the same is hereby dismissed with prejudice.”
 The attorney for the appellee was not present at the oral argument of this case but had filed a brief in this court which cited the case of Shaylor v. Cloud, 63 Fla. 608, 57 So. 666, 39 L.R.A.,N.S., 1170 as authority for the granting of the motion to dismiss on the ground that the oral debt mentioned in the complaint was barred by the three year statute of limitations under the Shaylor case, supra, and that therefore a suit to foreclose a vendor’s lien would be barred. The complaint shows on its *893 face that it stated a cause of action. We have held that under the present rules of court, limitation of action is an affirmative defense and cannot he raised on a motion to dismiss. See Stone v. Stone, Fla.App.1957, 97 So.2d 352; Hough v. Menses, Fla.1957, 95 So.2d 410; Proctor v. Schomberg, Fla.1953, 63 So.2d 68; Woodalls, Inc. v. Varn, Fla.App.1958, 99 So.2d 887; and Braz v. Professional Ins. Corp., Fla.App.1958, 101 So.2d 594.
This case must be reversed for further proceedings not inconsistent with this opinion.
Reversed.
KANNER, C. J., ALLEN, J., and PATTERSON, TERRY B., Associate Judge, concur.