PIOBSON, Justice.
This case is before this Court on the petition of Josephine Alford, who prays that we enter an order authorizing her to continue the prosecution of Case No. 106,875-C now on file in the Circuit Court of Hillsborough County.
The petitioner filed her amended complaint, a bill in the nature of a bill of review seeking to set aside for fraud three decrees entered by the Circuit Court of Hillsborough County in the case of J. A. M. Grable, Jr., et al. v. Robert F. Nunez, Sr., et al. (No. 83712-C).
Motions to dismiss were granted on the ground that.a record of the original proceedings relating to the decrees attacked were not made a part of the amended complaint.
An interlocutory appeal from the order granting the dismissal was taken to the District Court of Appeal, 2nd District, which affirmed the order dismissing the amended complaint with leave to amend.[1]
The District Court of Appeal was of the further opinion that since an appeal had been taken previously in the J. A. M. Grable case,[2] that the bill in the nature of a bill of review could only be filed after permission from the Supreme Court had been obtained.
The petitioner thereafter filed a second amended complaint in Case No. 106,875-C to which she attached certain exhibits in an attempt to comply with the directives of the Circuit Court and the District Court of Appeal. After filing the above mentioned second amended complaint arid exhibits, the petitioner petitioned this Court for permission to continue the prosecution of said case.
Because these decrees under attack are based on a mandate of this Court, they have become our decrees; consequently, it is necessary to secure the permission of the Supreme Court to challenge them.[3]
On consideration of the petition lodged herein, it is therefore ordered that the petitioner is authorized to continue prosecution of said cause No. 106,875-C, and the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida in and for Hillsborough County is hereby directed to entertain said cause and to dispose of the same in an equitable manner under the pleadings and proof which have been or shall be submitted.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.

. Alford v. Nunez, Fla.App.1958, 104 So.2d 6771

.Grable v. Nunez, Fla.1953, 64 So.2d 154.

.12 Fla.Jur., Page 258, Equity § 83 and Kooman’s Florida Chancery Pleading and Practice, Page 484, § 199.