114 So.2d 691 (1959)
Emerson C. COOK, Incompetent, and Shirlee E. Cook, as Curator of the Estate of Emerson C. Cook, Incompetent, Appellants,
v.
CENTRAL AND SOUTHERN FLORIDA FLOOD CONTROL DISTRICT, a public corporation, Appellee.
No. 1129.
District Court of Appeal of Florida. Second District.
September 30, 1959.
*692 Fulton, Sullivan & Burns, West Palm Beach, for appellants.
Robert D. Tylander and Robert Grafton, West Palm Beach, for appellee.
KANNER, Acting Chief Judge.
The grounds of a motion to dismiss the amended complaint were that the complaint failed to state a cause of action, that it failed to state a basis for equitable relief, and that it sought money damages for breach of a written contract. The motion was denied and this interlocutory appeal has ensued.
Allegations of the amended complaint show in substance that the Emerson Cook Company was by sealed contract of December 12, 1949, employed as financial agent *693 for the Everglades Drainage District. As regarded the company's purchase and sale of government bonds for the district, the contract specified a guarantee against loss to the district on all such bonds then belonging to or later acquired by it and guaranteed that the district would receive full interest on such bonds less one-fourth point annual amortization. A copy of the agreement was attached to the complaint as exhibit A.
The Emerson Cook Company was liquidated in December, 1950; and all assets in an unknown amount were distributed to Emerson C. Cook, as sole stockholder, without provision for satisfying liabilities of the company. On January 24, 1951, Emerson C. Cook by letter, exhibit B to the complaint, resigned as an individual, proposing that the contract be terminated except that it remain in force only as to and until determination of the ultimate and respective liabilities of the parties. The resignation as conditioned was approved.
Under procedure provided for dissolution of the Everglades Drainage District by the 1949 legislature, sale of U.S. treasury bonds held by it was required. Emerson C. Cook, having been notified in January, 1954, of the contemplated sale of the bonds, by letter consented as an individual to their sale. This was done at a net loss of $30,976.86. Exhibit C of the complaint showed the computation of this net loss. Also pursuant to the 1949 legislative act, all the remaining assets of the Everglades Drainage District were transferred to Central and Southern Florida Flood Control District on April 16, 1956, including the claimed indebtedness of Emerson C. Cook, as an individual, nothing having been paid by him on the loss incurred by the sale of the bonds.
The foregoing factual situation was in essence alleged in the complaint. It was also alleged that Cook had thereby become personally liable for unsatisfied debts of the company, at least to the extent of the amount of the assets left at the time of dissolution. The prayer for relief was that the court determine the amount of the assets of the company at the time of dissolution, together with the liabilities of Cook to the district, claimed to be $30,976.86 plus interest and costs, and that the court make such other findings and determination of rights and obligations as might be deemed just and equitable.
The predicate for the first appeal point is that the statute of limitations had run. The defendants recognize that technically the defense of laches and not a statute of limitations is appropriate when employed in equity; but they argue that unless strong equities compel the application of a different rule, a court of equity will apply a statute of limitations with the same substantial effect as in a court of law. Thus the defendants urge under such rule the statute of limitations, 95.11, F.S.A., operates as a bar. It is sufficient to say that a statute of limitations and laches are affirmative defenses which should be raised through an answer and not by motion to dismiss. Rules 1.8(d) and 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A.; Hough v. Menses, Fla. 1957, 95 So.2d 410; Woodalls, Inc. v. Varn, Fla.App. 1958, 99 So.2d 887; Braz v. Professional Insurance Corporation, Fla.App. 1958, 101 So.2d 594; and Banzhaf v. Parrish, Fla.App. 1959, 109 So.2d 892.
The next two grounds of appeal are interwoven, and we shall deal with them as one. Primarily the question concerns whether or not equitable jurisdiction was properly invoked.
Basically, an independent legal claim cannot be determined in a court of equity; the legal demand must be incidental to the equitable relief. Mercer v. Keynton, 1935, 121 Fla. 87, 163 So. 411. So it is that where a complaint presents no independent equity and the only relief sought is one where there is an adequate and complete remedy at law, the resort to a court of chancery is unnecessary and improper. *694 Greenfield Villages v. Thompson, Fla. 1950, 44 So.2d 679; and Willis v. Fowler, 1931, 102 Fla. 35, 136 So. 358. In order to invoke equitable jurisdiction, it is required that every material fact essential to establish the right to equitable relief must be clearly and definitely pleaded. Mere statements of opinion or conclusions unsupported by specific facts will not suffice.
When the allegations of the complaint are distilled as to their effect, the relief sought here is solely for a money judgment. A study of the complaint shows that the plaintiff, with reference to the loss sustained by the district through the sale of the bonds and to the factual circumstances on which Cook's liability is claimed, alleges that "By virtue of the foregoing the said Emerson C. Cook was indebted to Everglades Drainage District for the sum of $30,976.86 on February 15, 1954." That is the sum arrived at for the claimed breach of the contract. The specific prayer of the complaint is that the court enter a decree "Determining the liabilities of the defendants to the plaintiff, the amount of which it claims to be $30,976.86 plus interest and costs." Thus it is clear that what plaintiff seeks is altogether a money judgment. Ordinarily, where relief sought is solely for a money judgment, the remedy at law is completely adequate. Ramsey v. Lovett, Fla. 1956, 89 So.2d 669; Commercial Engineering & Contracting Company v. Beals, Fla.App. 1958, 99 So.2d 882; Braz v. Professional Insurance Corporation, Fla.App. 1958, 101 So.2d 594; and 12 Fla.Jur., Equity, section 30, p. 173. However, monetary relief may be granted as an incident where equitable jurisdiction has been properly assumed.
There is no attempt to recover any assets of the dissolved corporation nor to impose a charge of any nature against them. Neither is there any complex accounting nor any allegation of complication in determining the amount of the assets involved. The accounting is but a simple mathematical computation under the formula called for in the contract and as demonstrated by exhibit A of the complaint. However, we are not passing upon any standard to be employed in determining damages; that is for the trial court. What we have here is an independent legal claim for recovery of money, and the recovery sought is not an incident to equity's jurisdiction. It is a suit solely for a money judgment against an individual. Measured by the rules hereinbefore stated, the complaint does not meet the test necessary to give it cognizance by a court of equity. However, this does not render the cause subject to dismissal but rather renders it transferable to the law side under Rule 1.39(a), Florida Rules of Civil Procedure, 30 F.S.A.
The cause is accordingly reversed with direction that it be transferred for proceedings at law.
Reversed and remanded.
SHANNON, J., and STEPHENSON, GUNTER, Associate Judge, concur.