PER CURIAM.
The chancellor denied motions of the appellants to dismiss, for more definite statement, to strike, and to require the filing of additional portions of the record, all directed to a second amended complaint in the nature of a bill of review. Because of this ruling this interlocutory appeal has resulted.
At this juncture we observe that this case has been before this court on one previous occasion. Alford v. Nunez, Fla.App.1958, 104 So.2d 677. It was an interlocutory appeal from an order granting a motion to dismiss the complaint, which order was affirmed by this court with leave to amend. However, this court expressed the opinion that since the case was one in the nature of a bill of review and since the prior case had been before the Supreme Court, Grable v. Nunez, Fla.1953, 64 So.2d 154, permission should he obtained from the Supreme Court of Florida to file such a bill. Pursuant to this expression a second amended complaint with exhibits was filed, and a petition to the Supreme Court for permission to proceed was made. Permission to proceed was granted. Alford v. Nunez, Fla.1959, 111 So.2d 425.
At the time of oral argument before the bar of this court, counsel for the respective parties were interrogated whether this court should assume jurisdiction to entertain this appeal in view of the principle laid down in the case of Armenian Hotel Owners, Inc. v. Kulhanjian, Fla.1957, 96 So.2d 896. Counsel for the respective parties were in accord that the cited case would not apply and that this court should hear and determine the appeal.
The object of the amended complaint is to review certain final decrees rendered in a prior proceeding, to set aside these decrees, to vacate certain deeds of conveyance and other instruments, for an accounting and other relief. The relief thus sought is bottomed wholly on the charge of fraud. The chancellor by his order ruled that before the appellee would be entitled to an accounting she must establish first the fraud complained of and her right to relief on such ground, and he stayed all proceedings relating to an accounting until the determination of the fraud question.
The questions presented here and raised by the motions to dismiss are founded upon res judicata, estoppel by judgment. *210 laches, and the sufficiency of the complaint to warrant relief. The first three matters enumerated constitute affirmative defenses of which the burden of proving rests upon the appellants, and these should be raised through an answer. Hough v. Menses, Fla.1957, 95 So.2d 410; Braz v. Professional Insurance Corporation, Fla.App.1958, 101 So.2d 594; Stone v. Stone, Fla.App.1957, 97 So.2d 352; and Rules 1.8(d) and 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A.
For purposes of a motion to dismiss a complaint, all material facts well pleaded are considered as true. As said, this is a proceeding in the nature of a bill of review predicated on fraud, prosecuted pursuant to permission of the Supreme Court of Florida. We are in accord with the chancellor’s ruling that the complaint is sufficient. The ruling is affirmed.
ALLEN, C. J., KANNER, J., and MORROW, R. O., Associate Judge, concur.