ROBERTS, Justice.
The petitioner, Norman J. Mackiewicz, seeks a writ of habeas corpus for the purpose of making a collateral attack upon his conviction of first degree murder without recommendation for mercy with the imposition of the death sentence, all of which was affirmed by this court on September 11, 1959 in the case of Mackiewicz v. State, Fla., 114 So.2d 684, the historical background here being fully set forth by opinion of this court in that case.
The petitioner contends in his application for habeas corpus now before us that he was denied due process of law and equal protection under the law. He grounds this assertion, among other things, on the contention that this court, in the case of Mac-kiewicz v. State, supra, did not have before it certain alleged inflammatory remarks which he says were made to the jury in the summation of the case by the prosecuting attorneys, and which remarks he asserts improperly prejudiced the jury in its consideration of a recommendation for mercy. The petitioner further avers that it was “discovered” after the trial of the case that the official court reporter failed to make a stenographic report of such closing arguments.
Our record in the case of Mackiewicz v. State, supra, reveals that on October 22, 1958 the transcript of record on appeal from Dade County, Florida, was filed without exception as to content by either of the parties, and thereafter on January 5, 1959, or seventy-four days later, the appellant, petitioner here, filed his brief assigning six points of law to be argued but did not complain of the 'matter now sought to be used as a basis for a writ of habeas corpus. Appellee, the State of Florida, filed its brief on February 16, 1959 and on March 2, 1959 the appellant filed his reply brief, but again made no mention of or complained about the matter involved in the habeas corpus petition now before us. The matter came on for. oral argument before this court on March 4, 1959 and all the points of law assigned in the brief were duly argued and considered by the court. Then fourteen days later, on March 18, 1959, one hundred and forty-six days after the record had been lodged in this court without exception by either party, and after all briefs were in and oral argument had been heard by the court, the appellant *610 .(petitioner here) in that case filed a suggestion and motion pursuant to Rule 6.9, subd. d of Florida Appellate Rules, 31 F. S.A., suggesting that Honorable Richard E. Gerstein, State’s Attorney, had made the following prejudicial statements to the jury,
(1) “The State is asking the death penalty in this case because they haven’t built a jail strong enough to hold this man”, and
(2) “This is all that is left of Lieutenant Staab”, while holding up a bullet.
He alleged the court reporter failed to take this down and therefore no transcript of the final arguments of state and defense counsel were made. Appellant moved that the record be amended by adding the two remarks and that the assignments of error be amended nunc pro tunc by including the alleged remarks and that the court consider them on appeal. The suggestion and motion were fortified by affidavits of appellant’s counsel, Herman Methfessel and Alvin Weinstein, and one Bettye Creary, all stating in substance that the remarks were made.
Objections were filed by the Attorney General on the basis that the application to amend the record, assignments of error, and injecting a new question in the case, all came too late; that the application did not make the showing required in our Rule 6.9, subd. d to justify an amendment to the record; and for the further reason that no request had been made by the appellant during the trial requesting a stenographic report of the arguments of counsel in accordance with Florida law. The Attorney General fortified his objections with an affidavit of the court reporter who took the testimony at the trial, stating that he did not record the final argument in the case against the appellant because defense counsel did not request him to do so; by affidavit of State's Attorney, Richard E. Ger-stein, denying that he made the statements contended by the appellant, but admitting that he did incidentally mention that there was apparently no jail strong enough to hold the appellant but that such statement was not made while discussing the subject of capital punishment; by the affidavit of Irwin J. Block, Assistant State’s Attorney, stating that the State’s Attorney, Richard E. Gerstein, did not make the statements as attributed to him; by the affidavit of Roy Lee Jones, Assistant State’s Attorney, denying the making of the statements as alleged; and by affidavit of Peter Larocca, Deputy Clerk of the Circuit Court of Dade County, Florida, assigned to the trial of the appellant, denying the making of the statements as alleged. This court sustained the objections of the Attorney General and denied the motion to amend.
Section 29.03, Florida Statutes, F.S.A., provides as follows:
“ * * * and said reporter shall also, when ordered by either party in a criminal case or by the presiding judge report the arguments of counsel arguing the facts to the jury, and shall receive as compensation therefor not less than ten dollars for reporting each such argument. * * * ” (Italics supplied.)
The undenied affidavit of the court reporter establishes definitely that no such request was made by the appellant or any one else and that in accordance with the usual lawful practice and procedure, no stenographic report of the arguments were made.
Florida Appellate Rule 6.9, subd. d reads: ,
“Omissions and Corrections. If anything material to either party is omitted from the record-on-appeal by error or accident, or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court on a proper suggestion, or on its own initiative, *611 may direct that the omission or misstatement shall he corrected, and, if necessary, that a supplemental record shall be certified and transmitted to the appellate court.” (Italics supplied.)
There is no showing or contention that anything material was omitted from the record on appeal by error or accident, nor any excuse or explanation offered for the long delay in seeking to amend the record, nor was any complaint or objection made under § 924.23, Florida Statutes, F.S.A., relating to correctness of the transcript.
Pursuant to command of § 924.32, Florida Statutes, F.S.A., and in compliance with the long-standing policy of this court, all of the testimony and the entire record were considered by this court to determine if the interests of justice required a new trial, and whether the insufficiency of the evidence was a ground for appeal or not. It is noteworthy that the matters now complained of were not mentioned in nor asserted as a basis for granting the motion for new trial duly filed and denied by the trial court. After full consideration of the record in its entirety and after having heard the arguments of able counsel, this court in deciding Mackiewicz v. State, supra, [114 So.2d 691] said:
“Finding no reversible error and that the evidence was sufficient to support the * * * judgment of murder in the first degree, the judgment appealed from should be and it is hereby affirmed.”
Subsequent to the filing of our opinion and judgment, the appellant timely filed a petition for re-hearing in which he made the matters and things involved in this petition for habeas corpus now pending a specific ground for the granting of rehearing. The petition for re-hearing was denied.
The petitioner offended against the laws of the State of Florida, he was represented by able counsel, and has had his full day in court, including a fair trial, a unanimous jury verdict, motion for a new trial, and a full review before this court, involving a study of the entire record. The matters and things now complained of were involved in the original appeal pending before us and were judicially determined adversely to the appellant, and certiorari was denied by the Supreme Court of the United States 362 U.S. 965, 80 S.Ct. 883, 4 L.Ed. 2d 879. The judicial labor is finished and we find nothing illegal in the detention complained of, nor do we find any lawful reason to interfere with the execution of the sentence.
Accordingly, the petition for writ of ha-beas corpus is denied.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, DREW, THORNAL and O’CON-NELL, JJ., concur.