275 So.2d 58 (1973)
Gustav A. STERN, Appellant,
v.
FIRST NATIONAL BANK OF SOUTH MIAMI, As Executor of the Estate of Armand V. Cox, Appellee.
No. 72-832.
District Court of Appeal of Florida, Third District.
March 20, 1973.
*59 W.J. Foley, Miami, for appellant.
John A. Wright and Raymond L. Parker, South Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant plaintiff seeks review of a final judgment of the Circuit Court in and for Dade County, Florida, dismissing his complaint for damages with prejudice. We reverse.
Appellant was a lessee under a lease with appellee's decedent, Armand V. Cox. Appellant filed his complaint for breach of a lease provision and alleged:
"1. That the plaintiff is the tenant of the defendant in possession of certain realty located at 3065 N.W. 20th Street, Miami, Florida under a lease agreement with defendant.
"2. That the said property is operated by the plaintiff as a coin laundry for public use.
"3. That under the lease agreement between the parties the defendant undertakes to provide an adequate and functioning waste water treatment plant for the disposal of laundry waste water on the premises.
"4. That the deceased Armand V. Cox, in his application for approval of plans and specifications for the construction of sanitary facilities filed with the Florida State Board of Health on March 1, 1963 included in those plans a chlorinating mechanism as required.
"5. That upon securing approval of the said authority for the installation of the facilities, they were installed in accordance with the plans with the exception that the chlorinating device was omitted from the facilities by the deceased.
"6. That the purpose for the chlorinating device requirement is to prevent the discharge of coliform bacteria from the system.
"7. That the omission of this critical element in the system was continued by the defendant as successor to the deceased Armand V. Cox.
"8. That as a direct and proximate result of the failure of the deceased to install the chlorinating device, and the continuing failure of the defendant as *60 his successor to install the said device, the plaintiff was charged by Metropolitan Dade County with violation of its pollution ordinances, wherein plaintiff was brought to trial on January 7, 1972, fined one thousand two hundred and twenty five dollars ($1,225.00) and almost incarcerated. That further plaintiff was required to correct the deficiency for a cost of three thousand two hundred and eighty dollars ($3,280.00), sustained an additional one thousand dollars ($1,000.00) of incidental expenses and lost business, and finally was damaged by the humiliation, inconvenience, aggravation and loss of time in the action brought against him by the authorities.
"WHEREFORE plaintiff demands damages of and from the defendant in an amount in excess of the minimum jurisdiction of this Court, trial by jury on all issues of fact, the costs of this action and attorneys fees where applicable."
Appellee thereupon filed a motion to dismiss the complaint combined with a motion for a more definite statement. The motion stated, in pertinent part:
"4. It affirmatively appears that the alleged cause of action occurred prior to the death of ARMAND V. COX and no claim has been filed against the estate of ARMAND V. COX, within the time prescribed therefore, by Section 733.16, Florida Statutes, [F.S.A.], and therefore said alleged claim should be barred."
The trial judge, based upon the motion and argument of counsel dismissed appellant's complaint with prejudice.
Appellant argues that it was improper for the trial judge to dismiss his complaint based on non-compliance with § 733.16,[1] Fla. Stat., F.S.A., when such an averment was improperly before the court by a motion to dismiss. We agree with appellant's contention and accordingly reverse.
It has long been recognized that a statutory bar to a cause of action by way of limitation is an affirmative defense and should not be raised by a R.C.P. 1.140 (b), 30 F.S.A., motion to dismiss. See: B.B.S. v. R.C.B., Fla.App. 1971, 252 So.2d 837; Hawkins v. Bay County Publishers, Fla.App. 1963, 148 So.2d 561; Banzhaf v. Parrish, Fla.App. 1959, 109 So.2d 892; Cook v. Central & Southern Florida Flood Control District, Fla.App. 1959, 114 So.2d 691; Akin v. City of Miami, Fla. 1953, 65 So.2d 54. Neither was it envisioned that the rule would allow a motion to dismiss to supplement a complaint with additional facts, in order to render the complaint legally insufficient. Stone v. Stone, Fla.App. 1957, 97 So.2d 352. However, this rule has been relaxed to allow a motion to dismiss based on an affirmative defense when the grounds therefore appear "on the face" of a prior pleading. R.C.P. 1.110(d).
We have carefully considered the appellant's complaint filed in the instant *61 cause and are of the opinion that nothing appears on its "face" that would allow the appellee's attack of statutory bar to be raised by a motion to dismiss. Neither can we say that the appellant had the duty to initially plead compliance with the statute. See: Tuggle v. Maddox, Fla. 1952, 60 So.2d 158.
Thus, we are of the opinion that it was reversible error for the trial court to dismiss appellant's complaint based on failure of appellant to comply with the provisions of § 733.16, Fla. Stat., F.S.A. If the appellee desired to take advantage of this alleged statutory bar, he should have pleaded the same as an affirmative defense. Then, if the appellant desired to show that the statute was not applicable to his cause of action, he would be privileged to file additional pleadings raising such questions. See: Proctor v. Schomberg, Fla. 1953, 63 So.2d 68.
Therefore, for the reasons stated the final judgment appealed from, dismissing appellant's complaint with prejudice is hereby reversed.
Reversed.
NOTES
[1] Fla. Stat. § 733.16(1) provides:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and postoffice address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within six months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said six months as aforesaid."