JAMES CANSLER v. G. N. PENLAND *et al.*

(Decided December 22, 1899.)

*Farming Out Public Office—The Code, Sec. 2084—Acts Mala In Se and Mala Prohibita.*

1. The Code, sec. 2084, prohibits a sheriff from letting to farm, in any manner, his county, or any part of it.
2. The Court will not lend its aid in enforcing an illegal transaction.
3. A sheriff may employ a deputy to *assist* him, but he can not *delegate* his authority to another.
4. As to the validity of contracts, the law makes no distinction between acts *mala in se* and acts *mala prohibita*, and will withdraw its support as soon as the illegality is discovered.

CIVIL ACTION by the sheriff of Macon County against the defendant, to whom he had delegated the collection of taxes for 1891 and 1892, for balance of commissions due, as per contract, tried before *Greene, J.,* upon exception to report of referee at Fall Term, 1898, of the Superior Court of MACON.

The referee reported a balance due the plaintiff of $93.02, to which defendant excepted. Exception overruled, and judgment for plaintiff. Defendant appealed. The illegality of the transaction was raised for the first time in the Supreme Court.

*Messrs. Simmons, Pou & Ward,* for appellant.
*Messrs. Shepherd & Busbee,* for appellee.

FAIRCLOTH, C. J. This is an action for an alleged balance due the plaintiff by the defendant on the following facts: The plaintiff was sheriff and tax collector for Macon County, and the tax list was in his hands for collection for the years 1891 and 1892; that plaintiff and defendant contracted with

each other that the defendant was to collect the taxes for those years, and to receive a commission of 2½ per cent for making collections, and the tax list was turned over to the defendant by the plaintiff.

This action was commenced in 1894. The matter was referred, and the result was a judgment in favor of the plaintiff for $93.02, with interest and costs. Appeal by the defendant.

In this Court the defendant contends that the contract was illegal and void, and that the plaintiff can not maintain his action. This question has not heretofore been presented to this Court, and the defendant's counsel disclaims any insinuation that the contract was corruptly made or that the parties intended to violate the law.

We agree with counsel that the contract was illegal and void on the grounds of public policy. The Code, sec. 2084, says: "No sheriff shall let to farm, in any manner, his county, or any part of it, under pain," etc.—meaning his office. There is no question of fraudulent purpose in the case. The question is one of policy and safety to the public interests, and that is highly important.

There can be no doubt that a sheriff may employ a deputy or other private person to *assist* him, but he can not *delegate* his authority to another, as that would tend to injure the public service. The public has an interest in the proper performance of their duties by public officers, and would be prejudiced by agreements tending to impair an officer's efficiency or in any way interfere with or disturb the due execution of the duties of the office. The office of sheriff and tax collector is one of public confidence and fidelity to a public trust, and can not be a matter of bargain and sale. It requires good faith and duty. Under the present contract, the duty, the power and the control of the tax collector's office are placed in

the hands of the defendant. True, the sheriff's bond is liable for the amount of collectible taxes, but the public trust and confidence are not secured by his bond. As to the validity of contracts, the law makes no distinction between acts *mala in se* and acts *mala prohibita,* or wrong, simply because they are prohibited by statute. When a statute intends to prohibit an act, it must be held that its violation is illegal, without regard to the reason of the inhibition, or the morality or immorality of the act; and that is so, without regard to the ignorance of the parties as to the prohibiting statute. The law would be false to itself if it allowed a contract to be enforced in the courts against the intent and express provisions of the law.

The above principles were recognized and expressed in *Puckett v. Alexander,* 102 N. C., 95, where a graduated physician had not been licensed, but practiced, and undertook to collect under a contract in violation of The Code, secs. 3122 and 3132. It was held that the contract was void in its inception.

The plaintiff's counsel in this Court then took the position that, if the contract was illegal and unenforcible, the defendant had waived it by not pleading the illegality and by submitting to an account on the merits of the controversy. That is true generally, under The Code practice, but there are some matters that the party can not waive, and the authorities are against the proposition in such cases. In *Osconyan v. Arms Co.,* 103 U. S., 268, the contract under consideration was held illegal and void, because it was against public policy, which was not pleaded, and the plaintiff insisted on the waiver. *Coppell v. Hall,* 7 Wallace, is incorporated in the case. The Court said, there can be no waiver in such cases: "The defense is allowed, not for the sake of the defendant, but of the law itself. It will not enforce what it has forbidden and

denounced. * * * Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection would be tainted with the vice of the original contract, and void for the same reasons. Wherever the contamination reaches, it destroys. The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded upon its violation."

When an action is instituted in a court which has no jurisdiction of the subject matter, the court will not proceed to do a vain thing, but will stop, without waiting for a plea denying its authority to proceed. So, under our Constitution and statutes, no *personal* contract of a married woman will be enforced against her (with a few exceptions), if the court can discover in any part of the record that she is married, although her *coverture* is not pleaded. *Green v. Ballard,* 116 N. C., 144; *Weathers v. Borders,* 124 N. C., 610.

The principle is that when the Court discovers that it is invoked to aid in enforcing an illegal transaction, the Court *ex mero motu* will withdraw its hand.

The common law was provident in respect to public interests. It would not allow the sale of an office to be the foundation of an action, because it was against public policy. *Parsons v. Thompson,* 1 H. Bl., 322; *Blatchford v. Preston,* 8 Term Rep., 89. Such a sale was, and is, invalid, because the law could not know in advance whether the grantee or bargainee would be competent to discharge the trust, in the public interest. *Reynols'* case, 9 Coke, 95.

For the above reasons, we feel it to be our duty to declare that the judgment of the Superior Court was erroneous.

Reversed.

CLARK, J. I concur in the result.