JAMES CANSLER v. G. N. PENLAND.

(Decided June 5, 1900.)

*Petition to Rehear—Farming Out Public Office—Code, Section 2084.*

The plaintiff, appointed tax collector for the county of Macon for the years 1891-'92 turned over to the defendant the entire lists, absolutely, to collect and account for, and reserving no control of the tax lists. This constituted a clear case of farming out a public office, prohibited by statute. Code, sec. 2084.

CASE reported in 125 N. C., 578.
Petition to rehear refused.

MONTGOMERY, J., writes the opinion.
CLARK, J., writes dissenting opinion.

Messrs. *Busbee & Busbee,* for petitioner.
Messrs. *Simmons, Pou & Ward,* contra.

MONTGOMERY, J.    This case was first before the Court at September Term, 1899, and the decision is reported in 125 N. C., 578.    It was reheard upon petition of the plaintiff at this term.    One reason assigned in the petition to rehear is that the decision was made to turn wholly upon the legality or illegality of the written contract between the plaintiff and defendant, which is set out in the answer of the defendant by way of counterclaim.    The petitioner did not complain of

that part of the decision, but on the other hand admitted that it was void under sec. 2084, of The Code. But it is further stated in the petition that the petitioner was advised that the Court did not consider the fact that the action was not brought by the plaintiff upon that contract. It may be true that the Court considered fully, in arriving at its decision, the illegal contract set up by the defendant in its answer as affecting the contract upon which the plaintiff brought his action; and we see no error in that manner of the treatment of the case.

If it should be conceded for the sake of the argument that the contract upon which he declared was a valid one, yet he, on the investigation before the referee as to the account between him and the defendant, himself introduced the contract which the defendant set up as a counterclaim, and insisted that the defendant owed him a balance under the provisions of that very contract. However, upon a careful reading of the decision in the reported case, it appears that the case was decided upon the contract upon which the plaintiff brought his action. It showed that the plaintiff had been appointed tax collector for the county of Macon for the years 1891-'92, and that he placed in the defendant's hands, not a part of the tax duplicates, but the entire list; and that he took a bond from the defendant with sureties in which it was recited that it was given to secure the collection of the taxes of Macon County—State, county, poor, school and special taxes. It is true the plaintiff called the defendant his· deputy, but there is nothing in the name in this case. As a fact, he turned over absolutely into the hands. of defendant the entire tax lists of the county, which had been confided to him, specially to collect and to account for. He reserved no control of the tax lists. There could not be a clearer case of farming out a public office than the one before us. In this respect, the contract upon which the plaintiff sued was as

clearly tainted with illegality as the one which the defendant set up in his answer.

The plaintiff's bond as tax collector was a security to the county for the collection and payment by the plaintiff of the taxes. The Commissioners of the county were, and are required to keep these bonds in a safe and solvent condition, and renewed at stated times. And so far as we see from the record the county is not interested in this action.

Petition dismissed.


CLARK, J.; dissenting. The plaintiff tax collector of Macon County, sued his deputy for money collected on the tax lists turned over to him and for the execution of which duty the defendant had given bond as "deputy tax collector," 7th September, 1891, and 24th September, 1892. There is and could be no objection to this transaction. The sheriff or tax collector may collect his entire tax list by deputy. It can make no difference whether the entire tax list is collected by one, or by several deputies. The referee found the amount due by defendant on plaintiff's cause of action after allowance of commissions, and there is no exception by either party to the amount reported by him.

The defendant pleaded as a counterclaim that the plaintiff, on a day previous to that on which the deputy gave aforesaid bond, to-wit, in August, 1891, agreed that the defendant should have the collection of the entire tax list, and set up as counterclaim constructive commissions on certain taxes collected by the plaintiff himself. This agreement in August 1891, was illegal for the reasons given on the former hearing of this case, 125 N. C., 578; Code, sec. 2084; *Basket v. Moss,* 115 N. C., 448. But the effect of that illegality palpably would be to disallow the defendant's counterclaim for the "constructive" commissions claimed by him under such illegal contract, and could not affect the valid claim of plaintiff for public moneys collected for plaintiff by defendant as

his deputy under a vaid contract and bond executed at a different time.

But the referee treated defendant's counterclaim as valid, and allowed his "constructive" fees, to which there is no exception by plaintiffs. It is true, being *contra bonos mores,* these fees might be disallowed here, but that would increase the plaintiff's recovery, and could not possibly authorize the dismissal of his action.

The defendant, however, claimed that under a proper construction of the contract, which is the foundation of his counterclaim, and which has been held illegal, he could recover "constructive" costs for certain tax sales made by the sheriff. Aside from the adjudged illegality of that contract defeating defendant's claim, the terms thereof (if legal) did not embrace "costs for tax sales," and the referee properly so held, and was affirmed by the Judge. From the refusal to allow the constructive "costs on tax sales," and on that ground alone, the defendant appealed to this Court.

There was a clerical error of $60.34 made by the referee in addition, but that was corrected by the Judge, and was already deducted before the appeal.

It should seem plain therefore that the defendant's exception should be disallowed both because the constructive "costs on tax sales" are not within the terms of the contract (if it were valid) and further because if within its terms, the contract (in August, 1891), upon which the counterclaim is based, is invalid.

There is no ground for dismissal of plaintiff's action to recover public moneys collected by defendant as his deputy. On the contrary the Court should *ex mero motu* reform the judgment by disallowing the counterclaim which the referee allowed defendant for "constructive commissions" upon a contract which the Court has held illegal.

DOUGLAS, J., also dissents.