BARKDULL, Judge.
This is an appeal by the appellant, defendant below, seeking review of a decree of specific performance directing the appellant to convey certain real property to the appel-lee. The appellee, as plaintiff below, filed a complaint seeking specific performance of an agreement to require the defendant [as Executor of the Estate of the late Albert Dreyfous], to convey certain real property to her, in accordance with a contract for *202 services which she had performed for Mr. Dreyfous during his lifetime.
Following the taking of extensive testimony, the chancellor entered his decree finding that the plaintiff was entitled to the relief sought. Upon this appeal, the executor conceded that the appellee performed substantial services for the deceased, but urges that the contract for employment in exchange for the transfer of the real property involved is void by reason of the provisions of § 731.0S1 Fla.Stat., F.S.A. This statute was enacted by the Legislature in 1957 with an effective date of January 1, 1958, providing that all such agreements similar to the one involved in this action should be in writing and signed before 2 subscribing witnesses. Subd. (2) of the statute provides that it is applicable to agreements enacted on or after January 1, 1958 and that it was applicable to agreements executed prior to said date. The contract in question in the instant case was entered into on April 4, 1955 and had been substantially performed by the time of the effective date of the Act.
While the appellant urges the aforementioned contract is void by virtue of § 731.051 Fla.Stat., F.S.A., a search of the record on appeal reveals the statute was never plead in the court below. § 731.051 Fla.Stat., F.S.A., is similar to the Statute of Frauds and, as such, is a defense personal to the defendant in any given action. It must be affirmatively plead by appropriate pleadings or, for purposes of the instant proceeding, the provisions of the statute are waived. 25 Fla.Jur., Pleadings, §§ 77, 78; F.R.C.P. 1.8(d), 1.11(h), 30 F.S.A. The appellant herein having failed to plead § 731.051, Fla. Stat., F.S.A., as an affirmative defense below, has waived his right to that defense and is thereby estopped from bringing it up for the first time on appeal. This being the only contention advanced by the appellant for reversal and it not being timely raised on this record, we affirm the chancellor’s final decree.
Affirmed.