WIGGINTON, Judge.
Plaintiff has appealed from a final judgment entered upon an order granting defendant’s motion to dismiss the complaint. The propriety of the order forms the principal point on appeal.
Plaintiff filed his complaint on August 30, 1961, seeking damages suffered as a result of an alleged libelous article published by defendant on August 31, 1959, in its newspaper of general circulation in Bay County.
To the complaint defendant filed a motion to dismiss on the following grounds: (1) insufficiency of process; (2) insufficiency of service of process; (3) it affirmatively appears that the cause of action sought to be described in the complaint sounds in libel and occurred more than two years prior to submitting process for service; (4) the complaint served upon this defendant has no attached Exhibit A or other exhibit and which said Exhibit A is referred to in the copy of the complaint; (5) the complaint does not aver the falsity of the material alleged to have been published by this defendant.
Upon the hearing held on defendant’s motion the trial court entered an order and final judgment which forms the subject of this appeal. The order recites that the complaint sounds in libel and was filed on August 30, 1961, complaining of an article allegedly published on August 31, 1959; that the Clerk of this Court caused summons at law to be duly and regularly issued on August 30, 1961, but that such process was not delivered to the sheriff for service until April 18, 1962, and was served upon defendant on said latter date. Based upon these findings the court ordered that defendant’s motion to dismiss be granted and *563 adjudged that the complaint is not susceptible of amendment for the reason that more than two years have transpired since the commission of the alleged act complained of and that plaintiff’s cause of action, if any, is barred by the statute of limitations.
It is plaintiff’s position that the trial court erred in granting defendant’s motion to dismiss on the grounds stated in the order and judgment appealed. With this contention we are compelled to agree.
Rule 1.11(b), 30 F.S.A., sets forth the only grounds upon which a complaint at law may be attacked by a motion to dismiss. Only the first two grounds of defendant’s motion are recognized as valid grounds upon which a motion to dismiss a complaint may be granted, to-wit: insufficiency of process and insufficiency of service of process. Neither of these grounds forms the basis of the order upon which the judgment of dismissal is predicated. The remaining three grounds upon which defendant relied are not recognized under our rules as valid grounds for such a motion. They constitute grounds for which relief may be granted by the court, but not pursuant to a motion to dismiss the complaint.
The court’s order granting the motion to dismiss is predicated upon a finding that process in the cause was not delivered to the sheriff for service on defendant until a date beyond the two-year period of limitations within which an action at law for libel must be instituted.[1] Our rules of procedure provide that every suit of a civil nature shall be deemed as commenced when the complaint is filed.[2] The rule further provides that upon the commencement of the action summons shall be forthwith issued by the clerk or judge of the court and delivered for service without prsecipe.[3] There is no evidence in the record, nor was any finding made by the trial judge, as to who withheld the summons, or why it was withheld from service for the period of time indicated.
By its brief appellee supports the correctness of the order dismissing the complaint by a citation of authorities which appear to hold that even though an action is filed within the period required by the statute of limitations, the action will nevertheless be barred if plaintiff, without cause, withholds the summons so that process cannot be served on the defendants to the action until after the period of limitations has expired. It is not necessary that we now pass upon the correctness of this principle of law. It cannot be questioned that the complaint in this cause was filed within the two-year period of limitations required by the above cited statute in effect in this state. If the act of a plaintiff in failing without cause to deliver the summons to the sheriff for service until after expiration of the period of limitation constitutes in law a defense to the action, such defense may be asserted only by answer to the complaint as required by Rule 1.8(d).[4] Such defense may not be asserted as ground for a motion to dismiss, and the trial court erred in so considering it in this case.
The foregoing is equally applicable to that part of the judgment which recites that the complaint is not susceptible to amendment for the reason that more than two years have transpired since the commission of the alleged act complained of and *564 the plaintiff’s cause of action, if any, is barred by the statute of limitations. It has been uniformly held in this state that the statute of limitations is an affirmative defense which must be pleaded in the answer and cannot be asserted as a ground for a motion to dismiss the complaint.[5] As stated by the Supreme Court in the Proctor case, in quoting with approval from its former decision in Tuggle v. Maddox (Fla.1952), 60 So.2d 158:
“ ‘Another reason for considering the motion to strike as one to dismiss or in dismissing the cause on his own account, was the affirmative appearance that the claim was barred by the statute of limitations. This was a ground of the motion to strike but was not authorized as such by the rule. On the contrary it is specifically provided that the statute of limitations, when relied upon as a defense, shall be set forth affirmatively [30 F.S.A. Rules of Common Law]. Rule 9(d). This method was purposely adopted to obviate the necessity of the initial pleader’s setting forth that the statute had been waived or tolled and to dispel any existing uncertainty in the law on the subject. If the statute is affirmatively pleaded and such waiver or tolling is considered by the plaintiff to have counteracted its effect he may present the matter by a reply under rule 8(a). Of course, being an affirmative defense, the defendant may waive the statute by ignoring it.’ ” [6]
For the reasons hereinabove stated, the judgment appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
CARROLL, DONALD K. C. J., and RAWLS, J., concur.

. “Actions other than those for the recovery of real property can only be commenced as follows: * * * (6) Within two years. — An action by another than the state upon a statute for a penalty or forfeiture; an action for libel, slander, assault, battery or false imprisonment; an action arising upon account of an act causing a wrongful death.” § 95.11(6), F.S.A.

. Rule 1.2(a), F.R.C.P.

. Rule 1.3(b), F.R.C.P.

. “Affirmative defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense. * * *” Rule 1.8(d), F.R.C.P.

. Garrett et al. v. Oak Hall Club et al. (Fla.App.1959), 112 So.2d 603; Hough v. Menses (Fla.1957), 95 So.2d 410, 412.

. Proctor v. Schomberg, (Fla.1953), 63 So.2d 68, 70.