153 So.2d 759 (1963)
T.B. FLETCHER, and his wife, Aline Fletcher, Appellants,
v.
Lois Philpot WILLIAMS, Ruth Fletcher and P.C. Crapps, Jr., as Administrators of the estate of Madison Fletcher, deceased, with the Will annexed, and as Executors of the Last Will and Testament of Mae Fletcher, deceased, and as Trustees for the Trust Left for the use and benefit of Walter Madison Fletcher and McCall's Chapel Methodist Church, Appellees.
No. E-66.
District Court of Appeal of Florida. First District.
May 21, 1963.
*760 J.L. Blackwell, Live Oak, for appellants.
Alfred T. Airth, Live Oak, for appellees.
WIGGINTON, Judge.
Plaintiffs have appealed from a final judgment granting Appellees' motion to dismiss their third amended complaint with prejudice on the grounds, among others, that (1) the verbal agreement sued upon violates the statute of frauds; and (2) that the agreement was not in writing signed in the presence of two subscribing witnesses by the persons whose executors are now sought to be charged. It is contended that the complaint states a cause of action for the relief prayed therein, and that the chancellor erred in the rendition of his decree of dismissal.
The complaint is one for declaratory decree by which plaintiffs allege that they acquired title to a parcel of land in Dixie County pursuant to a parol agreement between them and defendants' decedents whereby the latter promised to make a gift of the land to plaintiffs either by deed or by last will and testament. The complaint prays for a judicial declaration of plaintiffs' rights in the premises and a decree requiring defendants to execute and deliver a conveyance of the land to them, or in the alternative that plaintiffs' title be quieted against the claims asserted by defendants in their representative capacities.
The complaint alleges that fee title to the land in question was vested in Madison Fletcher and his wife, Mae Fletcher, prior to their respective deaths. It is alleged that plaintiffs entered into a parol agreement with the Fletchers during the latter's lifetime whereby the latter bound themselves to make a gift of the land to plaintiffs if plaintiffs would move onto the property and care for it and the livestock maintained thereon, and render other personal services to the Fletchers so long as they should live. It is alleged that the gift was to be consummated either by deed or by last will and testament. Plaintiffs allege that they performed their part of the agreement by moving on the land, caring for it, the livestock and improvements located thereon; by clearing and placing in cultivation a portion thereof, and by rendering other personal services to the Fletchers until their respective deaths in 1960 and 1961. It is alleged that no deed conveying the land to plaintiffs was executed during the lives of either of the decedents, and that although both of them died testate, no provision was made in either of their wills devising the land in question to plaintiffs.
Tested by common law principles relating to the law of contracts it must be held that the complaint is sufficient to state a cause of action. For the purpose of considering a motion to dismiss, the well pleaded allegations of the complaint are taken as true. The complaint sufficiently alleges an agreement entered into between plaintiffs and defendants' decedents regarding a conveyance of real property. From the complaint it affirmatively appears that plaintiffs have fully discharged their obligations under the contract, and fully paid their part of the consideration for which it was agreed they would receive a conveyance of the land in question, *761 the conveyance to be made either by deed or by devise in the last will and testament of the decedents.
Appellees assert that even conceding the truth of the facts alleged in the complaint, plaintiffs are precluded from maintaining this action and seeking the relief prayed by the complaint for the reason that the agreement to convey by deed is not in writing and otherwise violates the mandatory provisions of the statute of frauds,[1] as well as the statute relating to agreements to make a will of real or personal property.[2] We pause to note that the latter statute is only declaratory of the decisional law of this state. Prior to the adoption of this statute it was consistently held by the courts of Florida that contracts to make a will devising real estate are in the same class as agreements for the sale or conveyance of lands which, if not in writing, are clearly condemned by the statute of frauds.[3]
At common law contracts for the sale or conveyance of lands, as well as contracts to make a devise of lands by a last will and testament, could be established either by parol evidence or by a written instrument in the same manner as any other kind of contract. It was primarily to prevent fraud and perjury in claims relating to land that the English adopted the first statute of frauds entitled "An Act for the Prevention of Frauds and Perjuries".[4] The English statute of frauds is usually not considered as extending to this country and is of force here only by virtue of its adoption by the legislatures of the several states, directly or indirectly.[5] Statutes requiring contracts to be in writing or evidenced by a written memorandum thereof do not deprive the parties of the right to contract with respect to the matters therein involved, but merely regulate the formalities of the contract necessary to render it enforceable.[6] Such statutes do not render a verbal contract void, but are merely a limitation on the judicial authority to afford a remedy for enforcement.
Appellants contend that if appellees elect to rely on the statute of frauds as a defense to the cause of action alleged in the complaint, they may assert it only by pleading the bar of the statute as an affirmative defense in an answer filed to the complaint as required by Rule 1.8(d), 1954 Rules of Civil Procedure, 30 F.S.A., but may not urge the statute as a ground of the motion to dismiss.
Prior to the year 1950 the practice and procedure in Florida was in accordance with principles of common law pleading or as provided in the chancery act then in effect. Under this system affirmative defenses to causes of action alleged in a declaration at law or complaint in equity were normally asserted by way of plea or answer. It was likewise a generally accepted rule of pleading that if an affirmative defense to the cause of action sued upon appeared on the face of the declaration *762 or complaint, the defense could be asserted as a ground for a motion to dismiss or demurrer. Typical of the cases so holding is the Thrasher case decided by the Supreme Court of Florida in 1943.[7]
In 1949, effective January 1, 1950, the Supreme Court adopted our present rules of civil procedure which now control the practice and pleading in causes of action both at common law and in equity. These modern rules of procedure introduced into the jurisprudence of this state an entirely new concept of pleading and procedure to be employed in the litigation of civil actions. Among the rules so adopted is one relating to affirmative defenses in which it is provided that:
"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *"[8]
The rules further provide:
"A party shall be deemed to have waived all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a cause of action, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. See Rule 1.39. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 1.15(b) in the light of any evidence that may have been received."[9]
The foregoing rules have been uniformly construed to mean that if a complaint filed in a civil action states a cause of action in accordance with either statutory, common law or equitable principles, the complaint will be sufficient to withstand a motion to dismiss it. If a defendant elects to assert an affirmative defense as a bar to the action, such defense must be pleaded in an answer filed in response to the complaint. Affirmative defenses may not be asserted as grounds for a motion to dismiss the complaint, even though the availability of the defense as a bar to the action may appear on the face of the complaint.
Rule 1.8(d) of the Florida Rules of Civil Procedure was taken from and is an exact counterpart of Rule 8(c) of the Federal Rules of Civil Procedure relating to the pleading of affirmative defenses. Courts in the federal jurisdiction have consistently construed this rule to mean that the affirmative defense of the statute of frauds must be pleaded in a responsive pleading addressed to a cause of action, and may not be asserted as a ground for a motion to dismiss.[10] The only exception to this rule of procedure in the federal courts is in those instances where an affirmative defense appears on the face of the pleading to which a response is required. In these instances a *763 motion to dismiss the pleading for failure to state a claim on which relief may be granted may be treated under Rule 12(b) of the Federal Rules as a motion for summary judgment. We have no provision in the Florida Rules similar to Rule 12(b) of the Federal Rules of Civil Procedure, so the exception recognized in the federal practice is not recognized under the rules of procedure which are in effect in this state.
Following the adoption in 1949 of the new rules of civil procedure the Supreme Court was called upon in the Tuggle case[11] to review a decision of a trial court dismissing a complaint on the ground that it affirmatively appeared that the statute of limitations had run on the claim set forth therein. The motion to strike filed by the defendant was treated by the trial court as a motion to dismiss, and as such was granted. In reversing the order dismissing the complaint the Supreme Court said:
"Another reason for considering the motion to strike as one to dismiss or in dismissing the cause on his own account was the affirmative appearance that the claim was barred by the statute of limitations. This was a ground of the motion to strike but was not authorized as such by the rule. On the contrary it is specifically provided that the statute of limitations, when relied upon as a defense, shall be set forth affirmatively. Rule 9(d). This method was purposely adopted to obviate the necessity of the initial pleader's setting forth that the statute had been waived or tolled and to dispel any existing uncertainty in the law on the subject. If the statute is affirmatively pleaded and such waiver or tolling is considered by the plaintiff to have counteracted its effect he may present the matter by a reply under rule 8(a). Of course, being an affirmative defense, the defendant may waive the statute by ignoring it."
In Hough[12] the trial court entered an order granting a motion to dismiss a complaint upon the asserted grounds that the issues raised were res judicata because of a previous suit to quiet title, and because on the face of the pleading the statute of limitations barred plaintiff from recovery. In reversing the order of dismissal the Supreme Court said:
"Grounds (2) and (4) of the motion to dismiss are affirmative defenses which are not properly raised on motion to dismiss, but should be raised in an answer. See Fla.Rules Civ.Proc. rules 1.8(d) and 1.11(b), 30 F.S.A."
In the Stone case[13] the chancellor dismissed a complaint with prejudice pursuant to a motion to dismiss which raised the affirmative defenses of res judicata and/or estoppel by judgment. The Third District Court of Appeal, speaking through Judge Horton, properly characterized the defenses asserted as affirmative in character which under our rules of procedure could be asserted only in an answer filed to the complaint. In reversing the decree appealed, the court said:
"* * * To supplement a complaint with additional facts, by way of motion to dismiss, in order to render the complaint legally insufficient, is a practice that is not authorized by the rules. The motion to dismiss certainly could not operate in this instance as a substitute for a motion for summary decree because to do so would deny the opposing party the benefit of notice and opportunity to reply provided for by the summary decree rule if not in effect denying him due process. See Rule 1.36, Florida Rules of Civil Procedure."
*764 The same conclusion was reached by the Third District Court of Appeal in the Braz case[14], wherein an order dismissing with prejudice a complaint pursuant to a motion to dismiss on the ground that the action was barred by laches and res judicata was reversed. The Court, again speaking through Judge Horton, said:
"The first and second grounds of the motion to dismiss, i.e., that the action is barred by laches and/or res judicata, can, we feel, be disposed of upon the authority of Hough v. Menses, Fla. 1957, 95 So.2d 410, and Stone v. Stone, Fla.App. 1957, 97 So.2d 352, which, in effect, uphold Florida Rules of Civil Procedure 1.8(d) and 1.11(b), 30 F.S.A., requiring such defenses to be incorporated in an answer rather than in a motion to dismiss."
The statute quoted in the foregoing part of this opinion which renders unenforceable parol agreements to make a will of real or personal property was considered by the Third District Court of Appeal in disposing of one of the questions raised on the appeal. In holding that the statute constituted an affirmative defense which could not be asserted except in an answer filed to the complaint, the Court, speaking through Judge Barkdull, said:
"While the appellant urges the aforementioned contract is void by virtue of § 731.051 Fla. Stat., F.S.A., a search of the record on appeal reveals the statute was never plead in the court below. § 731.051 Fla. Stat., F.S.A., is similar to the Statute of Frauds and, as such, is a defense personal to the defendant in any given action. It must be affirmatively plead by appropriate pleadings or, for purposes of the instant proceeding, the provisions of the statute are waived. 25 Fla.Jur., Pleadings, §§ 77, 78; F.R.C.P. 1.8(d), 1.11(h), 30 F.S.A. The appellant herein having failed to plead § 731.051, Fla. Stat., F.S.A., as an affirmative defense below, has waived his right to that defense and is hereby estopped from bringing it up for the first time on appeal. * * *"[15]
Appellees contend that the complaint was properly dismissed for failure to state a cause of action in that it contained no allegations of fact which could be considered sufficient in law to avoid the statute of frauds as a bar to the contract sued upon. Stated differently, it is argued that the burden rests on plaintiff to anticipate that defendants would elect to assert the statute as a bar to the action, and then to go forward by alleging facts which would be sufficient in law to avoid the statute as a bar to the cause of action sued upon. Such contention is without merit and must be rejected. There is hardly any cause of action to which a defendant could not conceivably interpose many statutory and common law defenses which, if established by competent proof, would be a bar to the action. Our rules of pleadings do not impose upon a plaintiff the duty of not only alleging a cause of action, but also anticipating all conceivable defenses which could possibly be interposed by the defendant, and to allege facts which would be sufficient to negative or avoid such defense if pleaded. This was the conclusion reached by the Supreme Court in the Hough case, supra, when in holding that affirmative defenses may not be properly raised by motion to dismiss but must be raised in an answer, said that the reason for this is that the plaintiff should not have the burden of anticipating a defense and then overcoming it in its initial pleadings. If appellees elect to rely on either of the above quoted statutes of fraud as a bar to the action, they must allege them as a defense in an answer filed in response to the complaint. Until this is done, appellants have no opportunity to file a reply alleging such facts as may be known to them as will avoid or negate the effect of the statute, or bring their cause of action within one of the exceptions to the statute. If such a *765 reply is filed, an issue is thus made on which the case may proceed to trial. If no such reply is filed, or if such reply as may be filed is legally insufficient to avoid the bar of the statute, appellees may then move for a summary final decree. This is the orderly procedure contemplated by our rules, and the one which must be followed when affirmative defenses are relied upon to defeat the cause of action alleged in a complaint.
We are not unmindful of the decision rendered by this court in the Flye case[16]. We were there called upon to review the propriety of an order dismissing with prejudice a complaint in chancery on the ground, among others, that the complaint showed on its face laches which would bar recovery under any theory. In the opinion we called attention to our rules of procedure which require that affirmative defenses, such as laches and others, be affirmatively pleaded, but through oversight we applied the rule pronounced by the Supreme Court in the Thrasher case, supra, as permitting an exception to the general rule. Upon the authority of Thrasher we held that when a complaint shows laches on its face it is subject to dismissal on a motion to dismiss asserting laches as a ground therefor. In rendering our decision we did not realize at the time that the decision in Thrasher was rendered in 1943, some seven years prior to the adoption of our present rules, and at a time when the rule stated therein was accepted as a proper rule of procedure. It necessarily follows that our holding in the Flye case on the point now under consideration was incorrect, and we now hereby recede therefrom.
The decree appealed is reversed and the cause remanded for further proceedings. Upon the going down of our mandate appellees shall be allowed a reasonable time within which to answer the complaint and interpose such defenses as they may deem advisable.
Reversed.
CARROLL, DONALD K., Chief Judge, concurs.
STURGIS, J., dissents.
STURGIS, Judge (dissenting).
I am of the opinion that the complaint fails to state a cause of action for specific performance of the alleged oral agreement, that it was properly assaulted on that score by the motion to dismiss, and that the decree of dismissal should be affirmed. At the risk of laboring a certain amount of "first reader" law, I consider it necessary to discuss several of the 1962 Florida Rules of Civil Procedure. Unless otherwise indicated, references herein to rules relate thereto.
The primary question to be determined is whether the amended complaint states a cause of action upon which relief can be granted, incident to which arises a secondary question as to whether, under the particular facts on which plaintiffs' claims are based, the defendant-appellee is entitled to defend against the action by a motion to dismiss the complaint for failure to state a cause of action, and in so doing rely on Section 731.051, Florida Statutes, F.S.A. Otherwise stated, the secondary question is: Does rule 1.8(d) deprive the defendant, under the facts alleged in this case, from utilizing a motion to dismiss for failure to state a cause of action as one method of defense to the complaint, with the result that in order to avail himself of the statute, F.S. § 731.051, F.S.A., he must plead it in his answer as an affirmative defense? The majority holds that the latter is the only procedure available to the defendant, while I am of the opinion that the motion to dismiss was a proper defensive pleading and that the order appealed is without error.
As I understand the case, the Statute of Frauds has nothing to do with the issue, and the problem of the plaintiffs, which in my opinion they failed to solve, was to allege *766 sufficient facts to state a cause of action upon which relief could be granted, notwithstanding the provisions of F.S. § 731.051, F.S.A.
Except as to ancillary proceedings, every suit of a civil nature is commenced by the filing of a complaint (rule 1.2[a]) which must state a cause of action by alleging ultimate facts sufficient to inform the defendant of the nature of the claim against him (rule 1.8[b]). Where the complaint meets that test, the defendant is required to state his defenses thereto by an answer admitting or denying the averments on which the plaintiff relies (rule 1.8[c]), and "where a defense is required" within contemplation of rule 1.11(b), hereinafter discussed, it is only then, under rule 1.8(d), that
"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense." (Emphasis supplied.)
The term "preceding pleading" as used in the above rule refers, of course, to an adequate pleading, one that meets essential legal and procedural requirements.
Coming now to rule 1.11(b), it provides that "where a defense is required," the defense of "failure to state a cause of action" may "at the option of the pleader be made by motion." The practical application of this rule is so well understood that elaboration is unnecessary. Simply stated, it means that subject only to the limitation of rule 1.8(d), a motion to dismiss a claim for relief on the ground that it fails to state a cause of action is a proper defensive pleading and, if well taken in point of law, operates to finally dispose of the claim. I interpret rule 1.8(d) as limiting the proscription against the use of such motion to dismiss only with respect to those defenses which, by reason of being specifically designated in or by clear intendment of the rule, are of the type which, in order for the pleader to have advantage of them, must be affirmatively pleaded, and I do not think the defense available in this case falls in that category.
After specifically designating certain defenses which shall be affirmatively pleaded, rule 1.8(d) uses the phrase "and any other matter constituting an avoidance or affirmative defense." I construe this loose and abstruse provision as having reference only to such other defensive matter as is traditionally proper to be pleaded by way of confession and avoidance and is, therefore, affirmative in character; defenses based on facts independent of the preceding pleading and which it is the burden of the pleader to establish by the proofs.
Careful analysis of rule 1.8(d) produces the conclusion that its pristine purpose is to require that defenses strictly personal to the pleader and in the nature of a confession and avoidance be affirmatively pleaded if he is to have advantage of them, failing which they will be deemed to be waived under the provisions of hereinafter discussed rule 1.11(h). To the extent applicable in a case governed by rule 1.8(d), it has the effect, of course, of removing the prior efficacy of a motion to dismiss for failure to state a cause of action in those instances where the pleading assailed on its face disclosed facts constituting a complete defense or bar to the claim asserted.
It is well to observe at this juncture that my disagreement with the majority upon the conclusion reached in this case has to do with the depth of the construction and application to be given to the catch-all of the rule: "and any other matter constituting an avoidance or affirmative defense." I do not think this phrase was designed to liberalize in any degree the requirement of rule 1.8(b) that the claim for relief must state *767 a cause of action, nor do I think it was meant to apply to a defense under a statute of the type here involved. While under rule 1.11(b) the pleader may elect to incorporate in his answer an affirmative defense to the claim asserted by the preceding pleading, it does not follow that in this type of case he should be precluded, as the majority holds, from defending the action by means of a motion to dismiss for failure to state a cause of action. That interpretation has the effect of requiring the pleader, contrary to accepted principles of good pleading, to plead conclusions of law rather than ultimate facts.
The 1954 Florida Rules of Civil Procedure are in the main patterned after the Federal Rules of Civil Procedure promulgated in December 1937. Our rule 1.8(d) is identical with federal rule 8(c). It is well settled that in the absence of state precedent, the Florida rules should be interpreted according to the interpretation given by the federal courts to the comparable federal rule.
Moore's Federal Practice (2d ed.), Vol. II, commencing at page 1841, contains an excellent treatise of federal rule 8(c). The author first observes that to understand its purpose and scope it is necessary to bear in mind subdivisions (a) and (c) of rule 9 and subdivision (b) of rule 8 of the federal rules. In the same sense, when considering Florida rule 1.8(d), it is necessary to bear in mind Florida rules 1.2(a), 1.8(b) and (c), and 1.11(b). Discussing the federal rules, Moore says at 1841:
"On the theory that capacity, authority, or legal existence of a party for purposes of suit is not generally in dispute, Rule 9(a) provides that an averment of such matters is not necessary, except to the extent necessary to show jurisdiction. It then provides that when a party desires to raise an issue as to them `he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.' Facility of pleading and the narrowing of issues are also at the basis of Rule 9(c), which allows the performance or occurrence of conditions precedent to be averred generally, and then provides that `A denial of performance or occurrence shall be made specifically and with particularity.' Subject to these exceptions, Rule 8(b) commands that the pleader `shall admit or deny the averments upon which the adverse party relies,' and states the manner in which denials shall be made. Rule 8(b), then, is concerned with negative defenses  those that controvert the adversary's claim. Rule 8(c), on the other hand, is concerned with affirmative defenses  the pleading of matter that is not within the claimant's prima facie case. The Advisory Committee considered that this could best be done by first stating what defenses under the then existing federal practice were regarded as affirmative. Accordingly it stated nineteen matters as affirmative defenses, and then concluded with the residual clause `and any other matter constituting an avoidance or affirmative defense.'"
Under the doctrine of Erie Railroad Co. v. Tompkins (1938), 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, a federal court as to a non-federal matter is required to follow the substantive statute and common law of the state in which it is sitting. Discussing the effect of this doctrine, Moore says at 1843:
"Two related questions immediately arise. (1) Does the determination of whether certain matter is a part of the plaintiff's prima facie case or is instead an affirmative defense involve procedure or substance? (2) If this is a matter of substantive law must Rule 8(c) nevertheless be complied with where the defense listed therein is not truly an affirmative defense but merely negates a certain element of plaintiff's prima facie case? We believe that the first question requires an affirmative *768 answer; that it is a matter of substantive law whether certain elements do or do not constitute a part of the plaintiff's prima facie case. And we believe in reference to the second question that if the defense involved is one that merely negates an element of the plaintiff's prima facie case that it is not truly an affirmative defense and need not be pleaded despite Rule 8(c). It is a misnomer to speak of a defense that is in substance a denial as an affirmative defense."
While conceding that interpretation of federal rule 8(c) has produced a diversity of opinion, the author concludes that "on principle the determination of what are the elements of a plaintiff's prima facie case and what matters are for the defendant to assume by way of affirmative defense is one of substantive law," citing Owens Generator Co. v. H.J. Heinz Co. (N.D.Cal. 1958), 23 F.R.D. 121. He then points out that how the elements of the prima facie case when determined should be pleaded is one of procedure governed by federal rule 8(b) and in specific situations by federal rules 9(a) and (c), and observes that "in so far as Rule 8(c) departs from a correct statement of what defenses are affirmative under applicable substantive law, * * * it should not be controlling." That, I think, is the position of Florida rule 1.8(b) in the case on review.
In recapitulating the problem of pleading developed by federal rule 9(c) and related federal rules, Moore first recognizes that "the determination of what are the elements of a claimant's prima facie case is a matter of substantive law," and then observes that from this proposition it follows, despite rule 8(c) on affirmative defenses, that the law of the state will determine the elements of claimant's prima facie case, and when the elements of plaintiff's prima facie case are determined, then "under long-established procedural rules, anything which merely tends to disprove some or all of those elements is negative in character and only matters that are in avoidance are affirmative defenses." Moore also makes the following observation concerning the federal rule, which in my opinion applies with like force to Florida rule 1.8(d):
"Stated succinctly, Rule 8(c), insofar as it enumerates what are affirmative defenses, must yield to any applicable substantive rule that makes any of the matters therein enumerated negative defenses."
The construction placed by the majority on Rule 1.8(d) raises the system of pleading above the basic law. This is a dubious mark of progress. While I am agreeable to yield to the doctrine of waiver promulgated by rule 1.11(h), I confess a personal and perhaps nostalgic preference for the ancient holding that proper objection to a recovery cannot be obviated or waived by any system of pleading, or even by the express stipulation of the parties. See Oscanyan v. Winchester Repeating Arms Co. (1881), 103 U.S. 261, 267, 26 L.Ed. 539.
While it is true that in construing the provision of federal rule 9(c) relating to statutes of limitation the federal courts have consistently held that when the statute merely bars the remedy it truly affords an affirmative defense and is waived if not pleaded or otherwise properly raised (Roe v. Sears, Roebuck & Co. (C.C.A.7th, 1943), 132 F.2d 829), it is with like consistency held that if the statute of limitation is a limitation upon the continued existence of the right, rather than a mere bar to suit upon it, it goes to the substance of plaintiff's claim so that he must show himself to be within the statute in order to recover, and in such cases the defendant need not specially plead the defense under Rule 8(c). See Goodwin v. Townsend (C.A.3d, 1952), 197 F.2d 970, 971.
Federal rule 12(b), with the exception of the last sentence, is identical with Florida rule 1.11(b). The added sentence of the federal rule provides:
"If, on a motion asserting the defense numbered (6) to dismiss for failure of *769 the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
Notwithstanding the omission of that provision from the Florida rule, I think it merely states a basic concept of law and procedure inherent in the over-all purpose of our modern rules of procedure and that it should be applied in a case such as presented by this appeal.
Discussing the general effect of said provision, Moore says:
"Rule 8(c) might seem to imply that affirmative defenses may be raised only by a pleading (where one is required or permitted) and not otherwise. This, however, is too narrow a construction of the rule. A defendant may move for summary judgment under Rule 56 where `there is no genuine issue as to any material fact' and he `is entitled to a judgment as a matter of law'; and it is clear that summary judgment is proper where the defendant shows the existence of an affirmative defense even though he has filed no answer. Under the 1946 amendment to Rule 12(b), it is also made clear that a defendant may raise an affirmative defense by a motion to dismiss for failure to state a claim; and that the court may treat such a motion as a motion for summary judgment." (Text, p. 1863.)
Rather than remand the case on review with an invitation to appellee that he plead F.S. § 731.051, F.S.A. as an affirmative defense, it would seem the better practice to treat the motion to dismiss filed herein as a motion for summary judgment and direct the trial court to grant the same perforce the statute.
There is a marked distinction between the language used in F.S. § 725.01, F.S.A. (Statute of Frauds) and that used in F.S. § 731.051, F.S.A. (Florida Probate Law). The former provides that "no action shall be brought" in respect to particular matters of contract, while the latter probes directly to the validity of an oral agreement of the character alleged by the complaint in that it provides that such agreement shall not "be binding or enforceable." I construe that language as not only invalidating such an agreement but as rendering it unenforceable under any and all circumstances. Any other construction would seem to negate the clear legislative intent.
Of compelling moment to the decision in this case is rule 1.11(h), which had critical bearing on the decision in Cypen v. Frederick, 139 So.2d 201 (Fla.App. 1962), relied on by appellant and accepted by the majority as authority for reversal of the decree appealed. It provides in part that
"A party shall be deemed to have waived all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a cause of action * * * may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits * *."
As harsh as it may seem, this rule is supportable on the premise that it is essential to the orderly and efficient administration of the judicial process. It effectively sets the "beacon light" toward which the course of litigation is directed in both the trial and appellate courts. Even so, the doctrine of waiver for want of objection as applied to faulty pleadings has well-established limitations depending on whether the objection is to substance or to form. It cannot be invoked in respect to all faults in the pleading, irrespective of their gravity, for some defects and omissions are so vital as to reach the very substance of the matter *770 in litigation. It is generally held that the defense that a contract is invalid on grounds of public policy cannot be waived by failure to plead it. James J. Sullivan, Inc. v. Cann's Cabins, 309 Mass. 519, 36 N.E.2d 371, 136 A.L.R. 1236; Cansler v. Penland, 125 N.C. 578, 34 S.E. 683, 48 L.R.A. 441, reh. den. 126 N.C. 793, 36 S.E. 285; Reed v. Johnson, 27 Wash. 42, 67 P. 381, 57 L.R.A. 404; Jacobson v. Bentzler, 127 Wis. 566, 107 N.W. 7, 4 L.R.A.,N.S., 1151, 115 Am.St.Rep. 1052, 7 Ann.Cas. 633. While rule 1.11(h), supra, harshly clashes with the stated concept, its application in Cypen v. Frederick, supra, is logical and appropriate on the basis of the facts peculiar to that case, in which F.S. § 731.051, F.S.A. was never interposed defensively in the trial court. Such is not true with the case on review, for here the defense interposed by appellees' motion to dismiss is the antithesis of every concept of waiver.
F.S. Section 731.051, F.S.A., both invalidates a contract of the type sued on and absolutely bars its enforcement. It establishes a substantive public policy and for that reason is not personal to the party affected in any given case. Of similar import is F.S. Chapter 771, F.S.A., outlawing actions to recover sums of money as damages for the alienation of affections, criminal conversation, seduction, and breach of contract to marry, and so is F.S. § 733.15, F.S.A., the nonclaim statute relating to estates of decedents. These and many other provisions of statute and case law have to do with matters which can with much persuasion be argued to provide a defense personal to the party against whom a claim is asserted, but the courts have consistently held to the contrary in actions where the objection is addressed to the substance of the claim rather than the form of the pleading. Cf. State v. Estate of Moore, 145 So.2d 293 (Fla.App. 1962).
I am persuaded that where the substantive case or statute law is such that no enforceable judgment or decree may be entered granting the relief sought by an original claim, counter-claim, or cross-claim in contemplation of rule 1.8(b), the infirmity may be interposed by motion to dismiss or as an affirmative defense incorporated in a responsive pleading, as the pleader may elect, and in either case the litigation on that claim should end at that point. Where that situation exists and the defense is not personal to the pleader, as in this case, it is apparent that no interest of the adverse party can be served by stripping a motion to dismiss of that efficiency and requiring F.S. § 731.051, F.S.A., to be interposed by the answer as an affirmative defense under what my brothers appear to consider the compulsion of rule 1.8(d). That rule, according to my notion, comes into play only if, as it plainly recites, "In pleading to a preceding pleading" a defense is required. The motion filed herein obviated any need to otherwise plead to the complaint.
It is elemental that matter which merely controverts plaintiff's prima facie case is a negative defense; that a true affirmative defense raises matter outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense; that the elements of plaintiff's prima facie case are determined by the applicable substantive law  federal or state, as the case may be; and that in some instances the enumeration of affirmative defenses as set forth in rule 1.8(d) may not reflect controlling principles of substantive law.[1]
As said by the Florida Supreme Court in Kislak v. Kreedian, 95 So.2d 510 (Fla. 1957), reversing the trial court's order denying defendants' motion to dismiss:
"While the Rules of Civil Procedure provide that the complaint shall be sufficient if it informs the defendant of the nature of the cause against him, the complaint must sufficiently allege the ultimate facts which, if established by competent evidence, would support a *771 decree granting the relief sought under law. In other words, the complaint must allege a cause of action recognized under law against the defendants; otherwise it does not, in contemplation of the rule, `inform the defendant of the nature of the cause against him.' To put it another way, the `nature of the cause' has reference to a cause of action cognizable under the law." (Emphasis added.)
In my opinion F.S. § 731.051, F.S.A., renders the instant suit one which is not "cognizable under the law" and the cited case refutes the proposition that the statute must be pleaded as an affirmative defense rather than asserted by motion to dismiss the complaint for failure to state a cause of action. It is trite to be reminded that a complaint which states a cause of action is not subject to dismissal simply because it fails to negative some possible affirmative defense, personal to the adverse party, which if pleaded and established would result in denial of plaintiff's claim. Inherent in that concept is the separate and, in my opinion, overriding proposition that where the defense is one which reaches to the substance of the claim asserted and involves a matter of public policy which precludes the entry of an enforceable judgment or decree, as I consider to be the effect of F.S. § 731.051, F.S.A., it lacks the personal equation with which the defenses under rule 1.8(d) are pregnant, and under the holding of the Supreme Court in the Kislak case a motion to dismiss for failure to state a cause of action should operate to terminate the suit at that point.
Briefly discussing the authorities cited by the majority:
The Tuggle case (60 So.2d 158) is cited in support of the proposition that affirmative defenses  which I take to mean those comprehended by rule 1.8(d)  may not be asserted as grounds for a motion to dismiss the complaint, even though the availability of the defense as a bar to the action may appear on the face of the complaint. Careful analysis of that decision reveals that Mr. Justice Thomas, speaking for the court, in referring to rule 1.8(d) was careful to point out that "it is specifically provided that the statute of limitations, when relied upon as a defense, shall be set forth affirmatively," and then observed: "This method was purposely adopted to obviate the necessity of the initial pleader's setting forth that the statute had been waived or tolled and to dispel any existing uncertainty in the law on the subject." He characterized the statute of limitations as an affirmative defense which the defendant may waive by ignoring it. The clear implication is that the defense of the statute of limitations is personal to the defendant. Because the statute of limitations is "specifically" designated by the rule as a matter to be affirmatively pleaded, and on no other basis, I have no quarrel with the conclusion reached in the Tuggle case.
The rule in Tuggle was followed in Proctor v. Schomberg, 63 So.2d 68 (Fla. 1953), where again the specific defense of the statute of limitations was involved. In that case the rationale of requiring it to be affirmatively pleaded was stated as follows: "* * * if the appellant could show that the statute had been tolled or that there were facts which would constitute an exception to the statute, the appellant was privileged to file additional pleadings raising such questions." What showing can be made by the plaintiff in the instant case to avoid the operation and effect of F.S. § 731.051, F.S.A. which provides that the agreement shall not be enforceable?
Hough v. Menses, 95 So.2d 410 (Fla. 1957), clearly demonstrates the important distinction between the effect of a defense presented by use of a motion to dismiss for failure to state a cause of action, as in the case on review, and that type of defense which, because of its strictly affirmative character, must under rule 1.8(d) be incorporated in a responsive pleading. In Hough, the defendant filed a document entitled "Motion to Dismiss," the granting of *772 which motion was challenged by the plaintiff on appeal. Mr. Justice O'Connell, speaking for the Florida Supreme Court, said that the 2nd and 4th grounds of the motion in that case were incompetent because they constituted affirmative defenses which under the rule should be raised in an answer, and in that connection pointed out that the plaintiff should not have the burden of anticipating a defense and then overcoming it in his initial pleading; further, that the burden is on the defendant to prove his affirmative defenses, which cannot be done in proceedings on a motion to dismiss. The Supreme Court also held that the 3rd and 5th grounds of the motion in that case related to matters of proof and were not, therefore, proper matters to be urged by that pleading. Of particular significance to the case now on review is the fact that in Hough the first ground of the motion to dismiss was that "the complaint failed to state a cause of action on which the relief sought could be granted"; and although it was held that the complaint in that case did in fact state a cause of action, the court took pains to observe that "the trial court could have properly dismissed the complaint" on the basis of that ground, thus recognizing the efficiency of the motion in that case for the same purpose as the similar motion is interposed in the case on review.
The question with which we are confronted was not squarely presented in Stone v. Stone, 97 So.2d 352 (Fla.App. 1957). In that case there was incorporated in the motion to dismiss facts presenting the affirmative defense of res judicata and/or estoppel by judgment, based on certain prior litigation between the parties in the state of Ohio. The trial court had granted the motion by applying the doctrine of res judicata and/or estoppel by judgment to the complaint on the basis of facts developed by the motion to dismiss. The District Court of Appeal, Third District of Florida, held that it was incompetent by a motion to dismiss to supplement a complaint with additional facts in order to render it legally insufficient to state a cause of action, and pointed out that such method of procedure deprived appellant of the opportunity of presenting such evidence and testimony as he could to rebut the affirmative defenses thus erroneously attempted to be presented. The defenses of "res judicata" and "estoppel" are among those specifically designated by rule 1.8(d) as necessary to be affirmatively pleaded. Indeed, such was the case prior to the adoption of the rule.
The Braz case (101 So.2d 594) goes no further than to follow the decisions in Hough v. Menses and Stone v. Stone in holding that laches (also specifically designated under rule 1.8(d) as an affirmative defense) and res judicata must be incorporated in an answer rather than in a motion to dismiss. Because of the specificity of the rule, I am fully in accord with that conclusion.
The decision of this court in Hawkins v. Bay County Publishers, Inc., 148 So.2d 561 (Fla.App. 1963), simply followed the rule in the Proctor and Tuggle cases, supra, holding that the defense of the statute of limitations must be affirmatively pleaded.
The Cypen case, 139 So.2d 201 (Fla. App. 1962), contains dicta which at first blush would seem to be precedent for the conclusion of the majority herein; however, I do not think it is sound or controlling to that purpose. In Cypen the defendant was sued in his relation as executor c.t.a. of decedent's estate. He did not file in the trial court a motion to dismiss the complaint for failure to state a cause of action or otherwise plead F.S. § 731.051, F.S.A. as a defense. It also appeared that the parol agreement had been substantially performed prior to the enactment of F.S. § 731.051, F.S.A. Under these circumstances the Third District Court of Appeal held that the waiver imposed by rule 1.11(h) precluded the appellant from insisting on the statute as a defense for the first time on appeal. And while the court did observe that the statute *773 is similar to the Statute of Frauds and as such affords a defense personal to the defendant in any given action, and said that "It must be affirmatively plead by appropriate pleadings or, for the purpose of the instant [Cypen] proceeding, the provisions of the statute are waived," citing rule 1.8(d) as well as rule 1.11(h) for that proposition, I suggest that the reference to rule 1.8(d) is surplusage and gratuitous because the point on which the decision strictly turned is the waiver visited by rule 1.11(h) and it was unnecessary to travel past that waiver.
The often pronounced and well-recognized purpose of modern rules of procedure is to eliminate the complexities and exactitudes of common-law pleading and practice. That purpose can hardly be served by any construction which accomplishes no result other than to defer the point in the proceeding at which may be asserted the fundamental failure of a complaint to state a cause of action upon which relief may be granted. With all deference to the majority, I find no answer to the question as to what conceivable response the plaintiff in this case could make in order to avoid the implications of F.S. § 731.051, F.S.A., whenever and wherever it is asserted before the trial court in defense of the claim.
In conclusion, the decision of the majority operates for the first time in the jurisprudence of this state to vest in the personal representative of a decedent's estate a discretionary power of such vast magnitude. He is not entitled to enjoy it under common-law principles, much less in the light of F.S. § 731.051, F.S.A. If the defense available under the statute may be asserted only by incorporating it in the answer, such concept must rest on the theory that the defense is personal to the party seeking advantage of it. It follows, therefore, that under the holding of the majority the personal representative of decedents' estates has the option of (1) filing an answer denying the oral agreement alleged by the complaint or (2) of pleading the statute as an absolute bar to the enforcement of the alleged oral agreement. Should he elect to follow the first course, the beneficiaries of decedents' estates  the real parties in interest  will be arbitrarily deprived of the benefit of the statute and not only have their interests subjected to the uncertainties of the suit, but suffer the consequences of a likely depreciation in the value of the estates flowing from what may prove to be an extended, expensive and quite unnecessary litigation. The personal representative of a decedent's estate has no personal interest that should afford him that prerogative.
Being persuaded that the decision hereing has the potential of frustrating the public policy expressed by the statute and is contrary to the rules of civil procedure and authorities cited herein,
I respectfully dissent.
NOTES
[1] F.S. § 725.01, F.S.A.: "No action shall be brought * * * upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
[2] F.S. § 731.051. F.S.A.: "No agreement to make a will of real or personal property or to give a legacy or make a devise shall be binding or enforceable unless such agreement is in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged."
[3] Gable v. Miller, (Fla. 1958), 104 So.2d 358; Sample v. Ward, 156 Fla. 210, 23 So.2d 81; Battle v. Butler, 138 Fla. 392, 189 So. 846; Miller v. Carr, 137 Fla. 114, 188 So. 103.
[4] Stat. 29 Car. II, c 3 (1677).
[5] 49 Am.Jur.  Statute of Frauds, § 2, p. 364.
[6] 49 Am.Jur.  Statute of Frauds, § 3, p. 365.
[7] Thrasher et al. v. Ocala Mfg. Ice and Packing Co. et al., 153 Fla. 488, 15 So.2d 32.
[8] Rule 1.8(d) 1954 Rules of Civil Procedure.
[9] Rule 1.11(h), 1954 Rules of Civil Procedure.
[10] Continental Collieries, Inc. v. Shober (Ct.App. 3rd Ct., 1942), 130 F.2d 631; Richard Nathan Corp. v. Mitsubishi Shoji Kaisha, Limited (D.C.S.D.N.Y. 1941), 41 F. Supp. 299; Piest v. Tide Water Oil Co., (D.C.S.D.N.Y. 1939), 27 F. Supp. 1020.
[11] Tuggle v. Maddox (Fla. 1952), 60 So.2d 158; see also Proctor v. Schomberg (Fla. 1953), 63 So.2d 68; Hawkins v. Bay County Publishers, Inc. (Fla.App. 1963), 148 So.2d 561.
[12] Hough v. Menses et al. (Fla. 1957), 95 So.2d 410.
[13] Stone v. Stone (Fla.App. 1957), 97 So.2d 352.
[14] Braz v. Professional Insurance Corporation (Fla.App. 1958), 101 So.2d 594.
[15] Cypen v. Frederick (Fla.App. 1962), 139 So.2d 201.
[16] Flye v. Jeffords et al. (Fla.App. 1958), 106 So.2d 229.
[1] See Moore's Federal Practice (2d Ed.), Vol. II, ¶ 8.27 [4], p. 1857, and cases cited under footnote 3.