PER CURIAM.
This is a companion case to Carson, et al v. City of Fort Lauderdale, Case No. 3532, 155 So.2d 620, which was decided this day and reversed for further proceedings. The appellants are 117 freeholders, with the spouses of such of them as are married, and several corporate landowners. They filed suit for declaratory, injunctive and other relief with respect to a sewage disposal and special assessment project affecting their properties., This appeal derives from a final order granting the defendant city’s motion to dismiss the complaint.
The case presents the same state of pleading and the same constitutional questions as in Case No. 3532 supra, Fla.App., 155 So.2d 620, although the immediate case pertains to sanitary sewers while the other case involved storm sewers. This functional difference conceivably could be significant upon a more extensive inquiry into the merits of plaintiffs’ case, but not on the trial record thus far established. The question of adequate pleading, being the only question involved, is essentially the same in both cases.
The complaint before us alleges in explanatory detail the sufficiency of the present city-approved sewage disposal systems serving the plaintiffs and those similarly situated in the area; that the present dis *625 posal systems comply with current regulations and with the sanitary code of the Health Department of the State of Florida; that the newly proposed system would not benefit the plaintiffs directly or indirectly, despite contrary assertions by defendant’s agents; that if the defendant is not restrained the plaintiffs will suffer great damage and continuing burdens, and that ordinances requiring plaintiffs to abandon their existing septic tank drain fields and to tie in to the proposed system will jeopardize the health of the plaintiffs, their families and the community. The last mentioned allegation is bolstered by factual aver-ments as to why the defendant’s plan of disposal would, as a matter of scientific deduction, be detrimental to health as compared with the existing disposal facilities.
The complaint also alleges in substance, as in the companion case, that in 1947, by resolution approved by referendum, the defendant determined and agreed to levy a 10% public utility tax to establish a "Public Improvement Fund” to pay the costs of installing and extending storm and sanitary sewers and streets within the city; that most of the $6,718,737.00 collected from said tax has been diverted to other uses particularized in the complaint; that the city has breached its commitment and to permit it now to assess the costs of the proposed disposal system against the plaintiffs’ properties would impair the obligation of the contract.
Further delineation of the complaint is unnecessary other than to note the plaintiffs’ legal premise that the proposed actions of the defendant would deprive plaintiffs of property without due process of law and, in view of the unreasonable classification of the involved properties, would deny plaintiffs equal protection of the laws in contravention of Amendment XIV to the Constitution of the United States; and that to give sanction to defendant’s breach of contract would be in violation of Article I, Section 10(1) of the Constitution of the United States.
The question here is simply whether the complaint invokes an answer. We think it does. The conclusion is that the complaint is sufficient to withstand the motion to dismiss as we similarly held in Carson, et al. v. City of Fort Lauderdale, supra, consistent with the rule restated in Fletcher v. Williams, Fla.App.1963, 153 So.2d 759, at page 762.
Reversed.
SHANNON, Acting C. J., WHITE, J., and AKRIDGE, WILLIAM G., Associate Judge, concur.