BARKDULL, Chief Judge.
This is an interlocutory appeal from an order denying a motion to dismiss a complaint for foreclosure of a mechanic’s lien.
The appellants had certain remodeling work done on their home premises by a third person, who purchased equipment from the appellee. Subsequent to the completion of the work, the appellants were served with a mechanic’s lien by the appel-lee on February 19, 1974. A notice to contest this lien was filed by the appellants on March 12, 1974. Thereafter, the complaint was filed to foreclose the lien on May 13, 1974. [The complaint was timely filed as the sixtieth day expired on a holiday.] However, no summons was tendered by the plaintiff until October 31, 1974 and process was accomplished immediately thereafter.
The appellants contend that the plaintiff failed to institute suit within sixty days, as required by the statute, because counsel for the plaintiff made no effort to cause proc *549 ess to issue upon the filing of its complaint. The sixty-day provision of § 713.-22, Fla.Stat., reads in part as follows:
“(2) An owner or his * * * attorney may elect to shorten the time prescribed * * * within which to commence an action to enforce any claim of lien (1 year) * * * by recording in the clerk’s office a notice (of contest)

* * * * * * “The lien of any lienor upon whom such notice is served and who fails to institute a suit * * * within sixty days after service of such notice shall be extinguished automatically. * * * ”
Rule 1.050, R.C.P. provides that an action is commenced when the complaint is filed. Rule 1.070, R.C.P., provides that upon commencement of the action “summons or other process authorized by law shall be issued forthwith by the clerk”.
The purpose of the statute permitting a contest of the lien is to shorten the one-year period within which a lienor would have the right to institute an action.
It is not necessary that we pass on the appellants’ contention at this time. If the act of the plaintiff in failing, without cause, to deliver the summons to the sheriff until after the 60-day period set forth in § 713.22, Fla.Stat., constitutes in law a defense to the action, such defense may not be asserted as a ground for a motion to dismiss but must be asserted by answer. Hawkins v. Bay County Publishers, Inc., Fla.App.1963, 148 So.2d 561; Rule 1.140(b), R.C.P. The trial court, therefore, would have been in error if it had considered this defense on the motion to dismiss.
Inasmuch as the other contentions raised by the appellant are without merit, the order under review is hereby affirmed without prejudice to the appellants’ right to appropriately raise the question of service of process as a defense in the trial court.
Affirmed.